Donald G. **WOOLLARD**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 26998

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Sept. 8, 1968.

Donald G. Woollard, pro se, James H. Fort, Columbus, Ga., for appellant.

Floyd M. Buford, U. S. Atty., D. L. Rampey, Jr., Manley F. Brown, Asst. U. S. Attys., Macon, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

■ The petitioner, after having previously plead not guilty, entered a plea of guilty to a violation of 18 U.S.C. § 1111 upon the advice of counsel appointed to represent him.[1] This plea was accepted

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have direct-ed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804.

by the district court on August 23, 1967; petitioner was sentenced to life imprisonment. Petitioner later made a "Motion to Vacate and Set Aside Judgment and Sentence Pursuant to Title 28 U.S.C. § 2255." This motion was made pro se, and alleged that 18 U.S.C. § 1111 was unconstitutional in light of United States v. Jackson, 1968, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138. This motion was denied by the district judge on October 22, 1968. Upon the order denying the relief prayed for in the motion, an appeal was taken to this Court. Counsel was thereafter appointed by this Court. After studying his client's case, appointed counsel came to the conclusion that petitioner's motion based on the unconstitutionality of the statute had little merit but that there were serious questions concerning the voluntariness of petitioner's guilty plea. Therefore, while the appeal from the denial of petitioner's first motion was pending in this Court, counsel entered in the District Court an application for leave to file a second motion (or amended motion) based on the voluntariness of petitioner's plea of guilty to vacate sentence under 28 U.S.C. § 2255. The district court denied this application on March 14, 1969. Thereafter, this Court granted appellant's motion to supplement the record in the appeal of the petitioner's first motion. This was done and the Court now has before it the first 2255 motion filed by the petitioner, as well as the second one.

■ Petitioner's first 2255 motion was based on the alleged unconstitutionality of 18 U.S.C. § 1111. Subsection (a) of that statute defines first and second degree murder. Subsection (b), at issue here, provides:

Whoever is guilty of murder in the first degree, shall suffer death unless the jury qualifies its verdict by adding thereto "without capital punishment", in which event he shall be sentenced to imprisonment for life;

Whoever is guilty of murder in the second degree, shall be imprisoned for any term of years or for life.

This statute, unlike the statute in United States v. Jackson, supra, does not discourage a defendant from exercising his constitutional right to trial by jury. In Jackson, the Supreme Court held that the Federal Kidnapping Act which allowed capital punishment only if the jury recommended it, needlessly encouraged guilty pleas and jury waivers. This is not the case, however with section 1111. If anything, section 1111 encourages jury trial and in order to hold this statute unconstitutional we would first be required to hold that there is a constitutional right to waiver of a jury trial. The Supreme Court, however, has stated that there is no constitutional right to waiver. United States v. Jackson, supra; Singer v. United States, 1965, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed. 2d 630. Since section 1111 does not interfere with any constitutional right, we affirm the district court's denial of petitioner's first 2255 motion.

■ Petitioner's "Application for Leave to File a Second Motion (or amended motion) to Vacate Sentence under 28 U.S.C. § 2255" was properly denied by the district court. In Womack v. United States, 1968, 129 U.S.App.D.C. 407, 395 F.2d 630, the court stated:

We are of the view that there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the presence of a direct appeal but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances. * * *

Cf. Nemec v. United States, 9th Cir. 1950, 184 F.2d 355; Bilderback v. United States, M.D.Ga.1957, 159 F.Supp. 713. The district court properly refused to entertain the application for a second 2255 motion until the matter pending before this Court had been finally decided.

We therefore affirm the district court's denial of petitioner's first 2255 motion and affirm the court's denial of petitioner's application to file a second or amended 2255 motion. We carefully note, however, that now that this Court

has made final disposition of petitioner's first 2255 motion, petitioner is free to file a second 2255 motion before the district court contesting the voluntariness of his guilty plea.[2]

Affirmed.

2. The affidavits and other papers prepared and used by petitioner in his application for leave to file a second motion may be used by petitioner if he now files a second 2255 motion in the district court.