SCHWARTZ, Judge.
The appellant seeks review, pursuant to Fla.R.App.P. 9.140(g), of the summary denial of his motion for post-conviction relief filed under Fla.R.Crim.P. 3.850. We reverse for an evidentiary hearing.
The defendant had been charged with a lottery-bolita violation in which the primary evidence against him consisted of wiretap *1153 evidence of telephone conversations in which he was allegedly involved. After his motion to suppress the wiretap was denied, he entered a nolo plea to the court on January 31, 1977, reserving the right to appeal the denial to this court. During the course of the colloquy, the assistant state attorney, in response to the trial judge’s request for a statement of the factual basis of the plea, stated
“. . .a voice gram was done. The voice print verified the fact MENESES was who was heard on these calls. They were all tape recorded and transcribed. That the facts were that the same voice had made the tape recorded calls was the one who had been on the tape recording earlier. It was compared by Earl Richardson over at the Public Safety Department.”
On March 15, 1977, after reviewing a pre-sentence investigation which recommended a fine and the state’s recommendation of “some substantial time in jail,” the court adjudicated the defendant guilty and sentenced him to two years in the state prison.
Raising only the wiretap suppression issue, Meneses then appealed to this court, which affirmed the judgment and sentence in Cuba v. State, 362 So.2d 29 (Fla.3d DCA 1978). Our mandate to the circuit court issued on September 29, 1978. Subsequently, the defendant sought direct conflict cer-tiorari review of that decision in the Supreme Court of Florida.
On December 6, 1978, while that petition was pending,[1] and without, securing leave to do so from the supreme court, the defendant filed the Rule 3.850 motion now before us in the circuit court. The motion, which was sworn to, alleged that the quoted statement of the prosecutor, made when the plea was taken, was untrue. The defendant alleged that, not only was there no identification of Meneses’ voice as of that time, as stated, but that on February 9, 1977, the P.S.D. expert referred to, Earl Richardson, had written to the assistant state attorney in question that he could not identify Meneses as one of the persons on the tape. The motion also stated that the prosecutor did not correct her misstatement and did not supply the obviously exculpatory contents of the report either to defense counsel or the court before the defendant was sentenced on March 15, 1977. Based primarily on Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the motion sought vacation of the judgment and sentence and either the outright dismissal of the information because of prosecutorial misconduct or leave to withdraw the nolo plea and have the case set for trial. The trial judge denied the motion without a hearing, and the defendant has taken this appeal.
The state presents two separate arguments for affirmance of the order below. It is first contended that the circuit court lacked subject matter jurisdiction even to consider the motion because of the penden-cy of the certiorari proceedings in the supreme court. We do not agree. It has indeed been held that a Rule 3.850 motion may not be considered while the judgment from which relief is sought is on direct appeal in the district court of appeal. Barton v. State, 193 So.2d 627 (Fla.2d DCA 1966); Grizzell v. State, 187 So.2d 342 (Fla.lst DCA 1966). While we have no occasion here to consider the propriety of these decisions,[2] there is no reason why the *1154 rule they announce should be applicable to this situation, in which this court’s appellate jurisdiction over the case terminated upon the issuance of the mandate, 3 Fla.Jur.2d Appellate Review § 31 (1978), cf. Ohio Casualty Group v. Parrish, 350 So.2d 466 (Fla.1977). By its own terms, a motion for relief under Rule 3.850, which is an entirely collateral proceeding which does not affect the finality or enforceability of the underlying judgment, see, e. g., Heilmann v. State, 310 So.2d 376 (Fla.2d DCA 1975), cf. Andrews v. United States, 373 U.S. 334, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963), “may be made at any time.” We see no juridical, conceptual, or even administrative[3] basis for declining to entertain such a motion merely because of the pendency of an application for the purely discretionary issuance of a writ of certio-rari by the supreme court. See Duzinski v. American Baseball Cap, Inc., 366 So.2d 443 (Fla.1979).[4]
On the merits, the state, citing Hand v. State, 334 So.2d 601 (Fla.1976), and Peel v. State, 150 So.2d 281 (Fla.2d DCA 1963), argues that the alleged misstatements and suppressions of the prosecutor were in effect irrelevant since they followed the nolo plea and were apparently unrelated to its entry. We hold otherwise for two reasons. In the first place, the allegations of the motion raise a real question, which should be explored in an evidentiary hearing, as to whether the state had knowledge of the contents of the expert’s report before the plea, when, under Brady, it had a duty to reveal it which is unquestioned even by the state. Annot., Withholding Evidence by Prosecution, 34 A.L.R.3d 16 (1970). Secondly, Brady specifically holds, at 373 U.S. 87, at 83 S.Ct. 1197, at 10 L.Ed.2d 218, that suppression of favorable evidence
“. . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.” (emphasis supplied)
Because the strength of the state’s case on the merits is often a very pertinent factor in a trial judge’s sentencing determination, the clear allegation in the motion before us that the favorable evidence became available before the defendant was sentenced therefore requires a hearing for this reason as well. Cf. also State v. Pitts, 249 So.2d 47 (Fla.lst DCA 1971).
Since the record thus does not show “conclusively that the appellant is entitled to no relief,” F.R.App.P. 9.140(g), the order below is reversed and the cause remanded for an evidentiary hearing.
Reversed and remanded.

. The proceeding remains pending at this writing. The supreme court has not yet either accepted jurisdiction or denied the petition.

. See however, Womack v. United States, 129 U.S.App.D.C. 407, 408, 395 F.2d 630, 631 (1968), followed in, e. g., Woollard v. United States, 416 F.2d 50, 51 (5th Cir. 1968) which held that
“. . . there is no jurisdictional bar to the District Court’s entertaining a Section 2255 motion [the federal equivalent of a Rule 3.850 motion] during the pendency of a direct appeal but that the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances.” [e.s.]
See also Johnson v. United States, 385 A.2d 742 (D.C.App.1978) (“special circumstances” presented which require consideration of motion to vacate notwithstanding pendency of direct appeal); United States v. Tindle, 173 U.S. App.D.C. 77, 522 F.2d 689 (1975) (same).
*1154 We likewise need not revisit Gobie v. State, 188 So.2d 34 (Fla.3d DCA 1966) in which, over a dissent by Judge Pearson, this court held that the trial court could not consider a Rule 1, now 3.850, motion, while an appeal from the denial of an earlier motion under the rule was still pending.

. It seems far more likely that a 3.850 motion would result in obviating the necessity of ruling on a petition for certiorari, than the reverse.

. We acknowledge that Brooks v. State, 209 So.2d 271 (Fla.lst DCA 1968), which holds that even the pendency of a petition for certiorari in the United States Supreme Court ousts the trial court of jurisdiction to consider a 3.850 motion, is contrary to this conclusion. We think Brooks was wrongly decided.