431 So.2d 165 (1983)
Marvin FRANCOIS, Petitioner,
v.
Herbert M. KLEIN, Circuit Judge of the Eleventh Judicial Circuit, in and for Dade County, Florida, Respondent.
No. 62883.
Supreme Court of Florida.
January 27, 1983.
Rehearing Denied June 1, 1983.
Joel N. Rosenthal, Miami, for petitioner.
Jim Smith, Atty. Gen., George R. Georgieff, Asst. Deputy Atty. Gen., Tallahassee, and Calvin L. Fox, Asst. Atty. Gen., Miami, for respondent.
BOYD, Justice.
This cause is before the Court on petition for a writ of mandamus. Marvin Francois, a state prisoner under sentence of death, petitioned this Court for a writ of habeas corpus, asserting that he had received ineffective assistance of counsel on his original appeal, previously decided by this Court.[1] Prior to the filing of the habeas petition, Francois had filed a motion for post-conviction relief in the court in which he was originally tried, pursuant to Florida Rule of Criminal Procedure 3.850. After the filing of the habeas petition, the trial court dismissed the Rule 3.850 motion on the ground that it lacked jurisdiction to consider the motion while the habeas corpus petition was pending before this Court. Francois then sought a writ of mandamus from this Court to order the trial court to consider and rule upon his motion for post-conviction relief. We granted the mandamus petition in an order issued without opinion on Monday, November 22, 1982, directing the trial court to consider and rule on petitioner's Rule 3.850 motion. The trial court then denied the motion on its merits, and Francois appealed. We affirmed the denial of post-conviction relief and denied the petition for habeas corpus. Francois v. State, 423 So.2d 357 (Fla. 1982). We issue this opinion now for the purpose of explaining our order of November 22, 1982, issuing the writ of mandamus to the Honorable Herbert M. Klein, Circuit Judge of the Eleventh Judicial Circuit, in and for Dade County, Florida.
The trial judge grounded his dismissal of the Rule 3.850 motion on our decision in State v. Meneses, 392 So.2d 905 (Fla. 1981). In that case the defendant Meneses, who had been convicted of a crime, had his conviction affirmed on appeal and petitioned for certiorari review of the appellate court's decision.[2] While the petition for certiorari was pending, Meneses filed a motion for post-conviction relief in the trial court. Relief was denied, but the district court of *166 appeal reversed and remanded,[3] and the state sought certiorari review in this Court. We held that because of the pendency of the certiorari proceedings in this Court, under which review was sought of the affirmance of Meneses' conviction on direct appeal, the trial court did not have jurisdiction to entertain the motion for post-conviction relief pursuant to Rule 3.850. State v. Meneses, 392 So.2d 905, 907 (Fla. 1981).
We find that the situation in the instant case is substantially different from Meneses, and that substantially different considerations apply. In Meneses, the pending proceeding before this Court was a petition for certiorari review of the affirmance of the conviction on direct appeal. In the instant case, the pending proceeding here was a collateral attack on the conviction and sentence of death by writ of habeas corpus. In Meneses, the petition for certiorari review of the appellate affirmance was filed before the filing of the Rule 3.850 motion. In the instant case, the Rule 3.850 motion was filed before the petition for writ of habeas corpus. Moreover, the instant case, unlike Meneses, is a case in which a sentence of death had been imposed and in which the prisoner was alleging ineffectiveness of trial counsel in the Rule 3.850 motion and ineffectiveness of appellate counsel in the habeas corpus petition.
In Knight v. State, 394 So.2d 997 (Fla. 1981), we recognized that allegations of ineffectiveness of appellate counsel are not cognizable under a Rule 3.850 motion because they do not relate to anything done by or transpiring before the trial court. Such allegations, we held, should be addressed to the appellate court by means of a petition for habeas corpus. On the other hand, allegations of ineffectiveness of legal counsel at one's trial are properly presented to the trial court by a Rule 3.850 motion. Smith v. State, 400 So.2d 956 (Fla. 1981); Meeks v. State, 382 So.2d 673 (Fla. 1980). Since the two judicial attacks on petitioner's convictions and sentences of death were thus separate and distinct, there was no danger, as there was in Meneses, of conflicting and confusing rulings by different courts on the same issues. It has become our practice in dealing with collateral challenges in death penalty cases to entertain original habeas corpus petitions while Rule 3.850 proceedings are pending, and to decide the 3.850 appeal and the habeas petition together. Straight v. Wainwright, 422 So.2d 827 (Fla. 1982); Thomas v. State, 421 So.2d 160 (Fla. 1982). We do not perceive so substantial a problem of confusion as to require us to hold that the pendency of one kind of proceeding deprives the other court of jurisdiction to proceed.
For the foregoing reasons we hold that the respondent erred in declining to consider and rule upon petitioner's Rule 3.850 motion for lack of jurisdiction. Meneses is distinguishable. Accordingly, on November 22, 1982, we issued the writ and ordered respondent to proceed. The petition for writ of mandamus having previously been granted, this proceeding is now closed.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON, McDONALD and EHRLICH, JJ., concur.
NOTES
[1] Petitioner's convictions and sentences of death were affirmed on appeal. Francois v. State, 407 So.2d 885 (Fla. 1981), cert. denied, ___ U.S. ___, 102 S.Ct. 3511, 73 L.Ed.2d 1384 (1982).
[2] Cuba v. State, 362 So.2d 29 (Fla. 3d DCA 1978), cert. denied, 378 So.2d 347 (Fla. 1979).
[3] Meneses v. State, 372 So.2d 1152 (Fla. 3d DCA 1979), quashed, 392 So.2d 905 (Fla. 1981).