696 So.2d 490 (1997)
Curt BABER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2878.
District Court of Appeal of Florida, Fourth District.
July 2, 1997.
Fred Haddad, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
*491 PER CURIAM.
Appellant Curtis Baber appeals the trial court's summary denial of his motion for post-conviction relief on the grounds that the court lacked subject matter jurisdiction to entertain his motion while he had simultaneously pending a habeas corpus petition in this court alleging ineffective assistance of appellate counsel. We reverse the trial court's order and remand for further proceedings because the trial court did have subject matter jurisdiction to entertain Baber's motion for post-conviction relief on its merits. See Francois v. Klein, 431 So.2d 165 (Fla.1983) (explaining that a prisoner is entitled to pursue both a motion for post-conviction relief and a petition for habeas corpus simultaneously since there was no danger of conflicting rulings by different courts on the same issues). Indeed, the state conceded in its answer brief that the trial court erred in denying appellant's rule 3.850 motion for lack of subject matter jurisdiction. The state also acknowledged that the cause must be reversed and remanded to the trial court either for an evidentiary hearing or attachment of portions of the trial court record demonstrating that appellant is not entitled to relief.
This court previously rejected appellant's claims of ineffective assistance of his appellate counsel in the habeas corpus petition. There, petitioner had argued that his appellate lawyer rendered ineffective assistance of counsel for failing to argue on direct appeal that the trial court improperly struck an African American juror upon the state's peremptory challenge. This court concluded that petitioner had failed to demonstrate in his petition for habeas corpus that trial counsel had properly preserved the error for appellate review.
The trial court, upon remand, shall entertain appellant's claims of ineffective assistance of trial counsel regarding jury selection in this prosecution. An evidentiary hearing may show that trial counsel failed to preserve the error. If such is the case, then the trial court shall determine if such failure constituted ineffective assistance of counsel thereby entitling appellant to a new trial. If the evidentiary hearing shows that trial counsel preserved the error by timely objection to voir dire procedures and the state's peremptory challenge, then appellant may file a petition for writ of habeas corpus in this court for a belated appeal, pursuant to rule 9.140(j), Florida Rules of Criminal Procedure (1997).
REVERSED AND REMANDED for further proceedings consistent with this opinion.
STONE, C.J., and DELL and WARNER, JJ., concur.