758 So.2d 1199 (2000)
Gabriel FERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3346.
District Court of Appeal of Florida, Fourth District.
May 10, 2000.
Gabriel Fernandez, Wewahitchka, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Rejeev Saxena, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Gabriel Fernandez appeals from an order summarily denying his motion for postconviction relief and the order denying his motion for rehearing. We affirm as to the first three grounds of the motion; however, as to the twelve separately listed claims of ineffective assistance of counsel that comprise appellant's fourth ground for relief, we reverse and remand as to parts (D) and (E).
The state did not address either claim in the response it filed with the trial court *1200 below, and the trial court did not attach any record excerpts in connection with these two claims to its order denying postconviction relief. However, in its response to this court's order to show cause, the state either attached or referred to portions of the trial transcript, which it asserts conclusively refute these claims. However, the state's attachments and references to the record are insufficient to support the trial court's summary denial. See Hastings v. State, 670 So.2d 1176 (Fla. 4th DCA 1996).
In part (D) of the fourth ground of his motion, appellant alleged that his trial counsel rendered ineffective assistance in failing to object when the trial court failed to place the prospective jurors under oath prior to voir dire. In part (E), appellant alleged that his trial counsel rendered ineffective assistance in failing to protect his right to a fair trial by an impartial jury. On this claim concerning biased jurors, he provides two specific sets of facts. It appears that the grounds raised in parts (D) and (E) may be legally sufficient. See generally Mesidor v. State, 521 So.2d 333 (Fla. 4th DCA 1988) (reversing denial of motion for postconviction relief based on trial court's failure to swear in an interpreter). With respect to failure to preserve alleged errors in voir dire procedures, see Baber v. State, 696 So.2d 490 (Fla. 4th DCA 1997); Powell v. State, 673 So.2d 119 (Fla. 4th DCA 1996); Williams v. State, 673 So.2d 960 (Fla. 1st DCA 1996); Gibbs v. State, 604 So.2d 544 (Fla. 1st DCA 1992).
Accordingly, we reverse and remand for further proceedings as to parts (D) and (E) of appellant's fourth ground for relief.
AFFIRMED in part, REVERSED in part, and REMANDED.
GUNTHER, STONE and TAYLOR, JJ., concur.