THOMPSON, C.J.
Willie C. Tippins appeals the denial of his motion for post-conviction relief pursuant to Rule 3.800(a), Florida Rules of ■Criminal Procedure.
Tippins was convicted of trafficking in cocaine in violation of section 893.135(l)(b)l.b., Florida Statutes. He was sentenced as a habitual felony offender, although section 893.135(l)(b)l.b. provides that the offender “shall be sentenced pursuant to the sentencing guidelines.” Tippins’ sentence is illegal under State v. Mancino, 714 So.2d 429 (Fla.1998). See Bryant v. State, 760 So.2d 1034 (Fla. 5th DCA 2000). Because it is improper on the face of the record, it is correctable through a 3.800(a) motion. Id. (citing Mancino, Summers v. State, 747 So.2d 987 (Fla. 5th DCA 1999); Wright v. State, 743 So.2d 103 (Fla. 1st DCA 1999)). Rule 3.800(a) provides that a court may correct an illegal sentence at any time.
Previously, Tippins unsuccessfully sought' the relief he seeks here via a rule 3.850 motion, see Tippins v. State, 719 So.2d 303 (Fla. 5th DCA 1998), and through a petition for writ of habeas corpus, which was denied by unpublished order. The state contends that because Tip-pins was previously denied relief, the law of the case should preclude reconsideration of the issue. We disagree. Tippins’ previous applications to this court were decided before issuance of Maneino, which clari *148 fied that an illegal sentence is one which patently fails to comport with statutory or constitutional limits. In State v. Owen, 696 So.2d 715 (Fla.1997), the supreme court held that reconsideration of the law of the case may be warranted in exception-al circumstances where reliance on a previous decision would result in manifest injustice. See also Zolache v. State, 687 So.2d 298 (Fla. 4th DCA 1997) (appellate court has power to reconsider and correct rulings which have become law of the case, where reliance on previous decision would be manifest injustice and it would be fundamentally unfair to require defendant to serve sentence in excess of what is legally authorized).
The order denying relief is reversed and the case is remanded for resentencing.
REVERSED and REMANDED for re-sentencing.
SAWAYA, J., concurs.
GRIFFIN, J., concurs in result only.