776 So.2d 309 (2000)
Curt BABER, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D99-4014.
District Court of Appeal of Florida, Fourth District.
December 27, 2000.
Rehearing Denied February 2, 2001.
Fred Haddad of Haddad & Hester, P.A., Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for respondent.
GROSS, J.
This case involves Curt Baber's petition for writ of habeas corpus alleging ineffective assistance of counsel for failure to raise on direct appeal the issue of the state's improper use of a peremptory challenge.
In Baber v. State, 696 So.2d 490, 491 (Fla. 4th DCA 1997), this court reversed the trial court's denial of appellant's Rule 3.850 motion on the ground that the court lacked subject matter jurisdiction. We directed the trial court to hold an evidentiary hearing on whether trial counsel properly preserved petitioner's objection to the prosecutor's peremptory challenge to an African American juror. After the evidentiary hearing, the trial court[1] entered a thoughtful, detailed order[2] which determined that trial counsel had preserved appellant's objection on the jury selection issue and that trial counsel had not rendered *310 ineffective assistance under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Baber appealed that portion of the trial court's order concerning the performance of trial counsel. The state did not cross-appeal on the preservation issue. This court affirmed without opinion in Baber v. State, 765 So.2d 715 (Fla. 4th DCA 2000).
Pursuant to the procedure outlined in Baber, 696 So.2d at 491, petitioner filed a petition for writ of habeas corpus for a belated appeal, alleging that appellate counsel had been ineffective for failing to raise the preserved issue of the jury strike on direct appeal.
The factual basis behind the claim demonstrates an obvious error in the original trial judge's handling of the objection during jury selection. During voir dire, the only African American man on the panel was called up for questioning. His name was Yosef Habte. He was from Ethiopia, but he had lived in Florida for nine years. Questioning by the prosecutor established that (1) Habte was a manufacturing engineer at Motorola, (2) he was single, (3) he had never been the victim of a crime, (4) he had never witnessed a crime, and (5) he had never been a party to a lawsuit. Habte said he did not own a firearm, had a friend in the Miramar Police Department, and liked to hunt and run as hobbies. The questioning by defense counsel was equally unremarkable.
The prosecutor struck juror Habte. Defense counsel objected that because the strike was for racial grounds, it was improper. The prosecutor explained to the court his reasons for the strike: "It's a[b]lack on [b]lack crime. I don't even remember the reasons at this point, Judge." The trial court overruled the defense objection.
The law governing peremptory challenges is well established. See Melbourne v. State, 679 So.2d 759, 763 (Fla.1996). In the last decade, the propriety of peremptory challenges has been an abundant source of appeal. We observed in Young v. State, 744 So.2d 1077, 1081 (Fla. 4th DCA 1999) that State v. Slappy, 522 So.2d 18 (Fla. 1988), receded from in part in Melbourne v. State, 679 So.2d 759 (Fla.1996), and State v. Neil, 457 So.2d 481 (Fla.1984), "proved to be a fertile source of appellate issues. A Westlaw Keycite search demonstrate[d] that through 1996, Slappy was cited 226 times and Neil 335 times in appellate opinions."
At worst, the prosecutor struck Habte because he did not want an African American juror to evaluate a "[b]lack on [b]lack crime." If true, this would amount to a rare admission that the strike was based on race. Usually, the trial court's role is to evaluate the "genuineness" or "credibility" of a race neutral explanation for striking a juror to see if it "conceals an intent to discriminate based on race." Young, 744 So.2d at 1082. Assuming the worst, the prosecutor's explanation needed no such analysis, since it was not race-neutral under Melbourne.
At best, the prosecutor offered no race neutral explanation for the strike. Nothing in the record supports any race neutral reason for the challenge. There is therefore no version of the facts under which the state's challenge to the juror can be upheld applying a Melbourne analysis. The striking of even one African American member of a venire for racial reasons is a constitutional violation. See Slappy, 522 So.2d at 21; Reynolds v. State, 576 So.2d 1300, 1301 (Fla.1991).
Petitioner has met the standard for demonstrating ineffective assistance of appellate counsel. Original appellate counsel's performance was deficient because the failure to raise the voir dire error *311 constituted a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance; also, petitioner was prejudiced because appellate counsel's deficiency "compromised the appellate process to such a degree as to undermine confidence in the correctness of the result." Groover v. Singletary, 656 So.2d 424, 425 (Fla.1995) (citation omitted). See Wilson v. Wainwright, 474 So.2d 1162, 1163 (Fla.1985).
The state argues that the judge who handled the post-conviction relief hearing erred in determining that trial counsel had preserved the voir dire issue for appeal. However, the state is precluded from raising the preservation issue, since the propriety of the trial court's post-conviction relief order was the subject of the appeal in Baber, 765 So.2d 715, the state did not cross-appeal that issue, and this court affirmed.
For these reasons, we grant the petition for writ of habeas corpus and remand the case to the circuit court for a new trial.
FARMER and HAZOURI, JJ., concur.
NOTES
[1] Judge Richard D. Eade, who presided at the post-conviction evidentiary hearing, was a different judge than the one who presided at the original trial.
[2] The judge's order noted the original trial judge's unusual method of having the attorneys exercise peremptory challenges:

The testimony also established that at the time of trial, jury selection was basically done in secret and the trial attorneys were not informed when jurors were stricken or who actually struck jurors. This information was not provided to the attorneys when the challenge occurred.
In its "capacity as fact-finder," the judge recommended that this court grant petitioner "a belated appeal if and when BABER files a Petition for Belated Appeal, pursuant to rule 9.140(j)."