826 So.2d 515 (2002)
Michael J. SHAW, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-5051.
District Court of Appeal of Florida, Fourth District.
September 25, 2002.
Michael J. Shaw, Madison, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Michael J. Shaw appeals from the trial court's order summarily granting in part and denying in part his rule 3.800(a) motion to correct an illegal sentence.
Shaw entered a negotiated plea in three cases on July 1, 1999. In case number 98-25099 CF10A, he was adjudicated guilty of burglary of an occupied dwelling, a second degree felony, aggravated stalking, a third degree felony, and two counts of resisting/obstructing without violence, first degree misdemeanors. He was sentenced to two years in prison followed by three years probation. In case number 99-278 CF10A, he was adjudicated guilty of burglary of a structure with a battery, a first degree felony, and was sentenced to two years in prison followed by four years probation. In 99-1258 CF10A, he was adjudicated guilty of aggravated assault, a third degree felony, and three counts of false imprisonment, also third degree felonies. He was sentenced to two years in prison followed by four years probation. All sentences ran concurrently.
On May 24, 2001, appellant's probation was revoked due to a technical violation and an arrest for armed robbery. The armed robbery charge was nolle prossed at appellant's violation of probation hearing. Thereafter, he was re-sentenced in case number 98-25099 CF10A to 150 months; in 99-278 CF10A to 77.25 months; and in 99-1258 CF10A to 150 months. Again, all sentences ran concurrently.
On August 8, 2001, appellant filed a motion to correct an illegal sentence arguing that the trial court erred in "imposing an upward departure sentence" because it violated his double jeopardy rights since he entered a negotiated plea to youthful offender sentences. He asserted that as a youthful offender who violated his probation on technical grounds, he could not *516 receive a sentence for a period longer than six years or for a period longer than the maximum sentence for the offense for which he was found guilty, whichever was less.
In its order, the trial court found that the sentence of 150 months in 98-25099 CF10A for the aggravated stalking count was illegal because it exceeded the statutory maximum of five years and the lowest permissible sentence under the guidelines scoresheet. Thus, the trial court vacated the sentence and imposed a new sentence of 97.65 months (the lowest permissible sentence under the guidelines). As for 99-1258 CF10A, the trial court vacated the 150 month sentences and imposed new sentences of 97.65 months because the 150 month sentences exceeded the five year statutory maximum for the third degree felonies. The trial court denied appellant's motion in all other respects.
The state contends that appellant's claim that he was originally sentenced as a youthful offender is without merit because the record refutes the claim. To support this, the state relies on the July 1, 1999 judgments in all three cases and the May 24, 2001 sentencing documents. The state further contends that appellant's July 1, 1999 negotiated plea agreement and sentencing documents are irrelevant to appellant's 3.800(a) motion because what is at issue is the legality of the sentences imposed after appellant violated his probation.
We disagree. The legality of appellant's 2001 sentences stems from his 1999 plea agreement and sentence. Since the record does not contain appellant's July 1, 1999 negotiated plea agreement nor his July 1, 1999 sentencing documents, the record does not refute appellant's claim that he entered a negotiated plea to youthful offender sentences.
Section 958.14, Florida Statutes (1999), addresses the sanctions which may be imposed upon a youthful offender who violates probation or community control and provides in pertinent part:
A violation or alleged violation of probation or the terms of a community control program shall subject the youthful offender to the provisions of s. 948.06(1). However, no youthful offender shall be committed to the custody of the [D]epartment [of Corrections] for a substantive violation for a period longer than the maximum sentence of the offense for which he or she was found guilty, with credit for time served while incarcerated, or for a technical or nonsubstantive violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he or she was found guilty, whichever is less, with credit for time served while incarcerated.

(Emphasis added). If appellant did, in fact, enter a negotiated plea to youthful offender sentences, he could not receive the sentences of 150 months and 97.65 months upon the revocation of his probation on technical grounds. His sentences for the first and second degree felonies would be limited to six years and his sentences for the third degree felonies would be limited to five years, the statutory maximum. Only appellant's July 1, 1999 negotiated plea agreement and sentencing documents would refute his claim that he entered his plea to youthful offender sentences. If they show that he entered his plea to youthful offender sentences, he is entitled to be re-sentenced.
We reverse the trial court's order and remand this case for further proceedings consistent with this opinion.
POLEN, C.J., TAYLOR and HAZOURI, JJ., concur.