855 So.2d 723 (2003)
Fitzgerald Livingston WHITE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2124.
District Court of Appeal of Florida, Third District.
October 8, 2003.
Fitzgerald Livingston White, in proper person.
Charles J. Crist, Jr., Attorney General, and Mark Rosenblatt, Assistant Attorney General, (Ft.Lauderdale), for appellee.
Before LEVY, SHEVIN, and WELLS, JJ.
WELLS, Judge.
Defendant appeals from an order dismissing his Rule 3.850 motion for lack of jurisdiction. We reverse and remand for consideration of this motion.
On January 13, 2002, Defendant filed a Rule 3.850 motion in the court below claiming ineffective assistance of trial counsel. See Fla. R.Crim. P. 3.850. Approximately a month later, Defendant filed a petition for writ of habeas corpus in this court claiming ineffective assistance of appellate counsel. Believing that it was without jurisdiction to entertain the Rule 3.850 motion while the habeas corpus petition was pending, the trial court dismissed the Rule 3.850 motion for lack of jurisdiction. *724 As the State correctly concedes, the motion should not have been dismissed because the two claims are separate and distinct and thus may proceed simultaneously:
In Knight v. State, 394 So.2d 997 (Fla. 1981), we recognized that allegations of ineffectiveness of appellate counsel are not cognizable under a Rule 3.850 motion because they do not relate to anything done by or transpiring before the trial court. Such allegations, we held, should be addressed to the appellate court by means of a petition for habeas corpus. On the other hand, allegations of ineffectiveness of legal counsel at one's trial are properly presented to the trial court by a Rule 3.850 motion. Smith v. State, 400 So.2d 956 (Fla.1981); Meeks v. State, 382 So.2d 673 (Fla.1980). Since the two judicial attacks on petitioner's convictions and sentences ... were thus separate and distinct, there was no danger ... of conflicting and confusing rulings by different courts on the same issues....We do not perceive so substantial a problem of confusion as to require us to hold that the pendency of one kind of proceeding deprives the other court of jurisdiction to proceed.
Francois v. Klein, 431 So.2d 165, 166 (Fla. 1983); See Gawronski v. State, 801 So.2d 211 (Fla. 2d DCA 2001).
Moreover, the habeas corpus petition has now been denied. We therefore reverse and remand for the trial court to consider the merits of the Defendant's 3.850 motion.