864 So.2d 1131 (2003)
Jose C. MARRERO, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D03-2006.
District Court of Appeal of Florida, Second District.
December 31, 2003.
Jose C. Marrero, pro se.
*1132 Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine V. Blanco, Sr., Assistant Attorney General, Tampa, for Respondent.
SALCINES, Judge.
Jose C. Marrero, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), raised two claims of ineffective assistance of appellate counsel. In his first claim, Marrero alleged that appellate counsel was ineffective for failing to argue that the sentencing judge convicted Marrero of "attempted conspiracy to traffic in heroin," which is a nonexistent crime. Because Marrero was convicted of attempted trafficking in heroin and not attempted conspiracy to traffic, his claim is without merit, and we deem it unnecessary to discuss it further. However, we grant the petition as it relates to Marrero's second claim, in which he alleged that appellate counsel was ineffective in failing to argue that his habitual felony offender (HFO) sentence was illegal. Because Marrero's HFO sentence would have required reversal had the issue been raised on direct appeal, we reverse his sentence and remand for resentencing.
After a bench trial, Marrero was found guilty of attempted trafficking in heroin and possession of heroin with intent to sell or deliver. He was sentenced as a habitual felony offender to thirty years in prison for count one and to a guidelines sentence of fifteen years in prison for count two, both terms to run concurrent. His judgments and sentences were affirmed on appeal. See Marrero v. State, 840 So.2d 238 (Fla. 2d DCA 2003).
At sentencing, defense counsel objected to Marrero's being sentenced as a HFO for attempted trafficking in heroin. The sentencing judge erroneously consulted a 2001 Florida Statutes book and determined that Marrero was eligible for a HFO sentence. However, Marrero's offenses were committed on January 5, 2000. Section 893.135 had been amended between the 1999 statute, which should have been used to sentence Marrero, and the 2001 statute, which was actually used to sentence him. Under the 1999 statute, Marrero would not have been eligible for a HFO sentence. See § 893.135(1)(b)(1)(c), Fla. Stat. (1999); Fortner v. State, 779 So.2d 462 (Fla. 2d DCA 2000); Dillard v. State, 820 So.2d 994 (Fla. 4th DCA 2002); Tippins v. State, 780 So.2d 147 (Fla. 5th DCA 2000).
Because defense counsel preserved this issue at the sentencing hearing and because we would have reversed Marrero's HFO sentence had the issue been raised on direct appeal, we grant Marrero's petition. We reverse his HFO sentence and remand for resentencing.
Petition alleging ineffective assistance of appellate counsel granted.
SILBERMAN and VILLANTI, JJ., Concur.