865 So.2d 669 (2004)
Lyndell A. WARD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4161.
District Court of Appeal of Florida, Fourth District.
February 18, 2004.
*670 Lyndell A. Ward, Vero Beach, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Lyndell Ward appeals an order denying his pro se motion to correct illegal sentence. The state's supplementation of the order with portions of the record is insufficient to support the trial court's summary denial. See Fernandez v. State, 758 So.2d 1199, 1200 (Fla. 4th DCA 2000); Frank v. State, 697 So.2d 584 (Fla. 4th DCA 1997). Accordingly, the order is reversed and remanded for further consideration. See Shaw v. State, 826 So.2d 515 (Fla. 4th DCA 2002). Any subsequent denial shall be supported with attachments of portions of the record refuting the claim.
STONE and GROSS, JJ., concurs.
FARMER, C.J., dissents with opinion.
FARMER, C.J., dissenting.
I dissent for two reasons. First, when defendant violated his probation the plea agreement was no longer controlling, and the trial judge was free to resentence defendant to any sentence that might have been lawfully imposed the first time. Second, even if defendant could continue to claim the benefit of a youthful offender plea agreement after violating the ensuing probation, this defendant's claim of illegal sentence cannot be decided without an evidentiary hearing to ascertain whether there was such a plea agreement and establish what it provided. Rule 3.800 does not allow evidentiary hearings on motions to correct illegal sentences thereunder.
My first reason is based on section 948.06(1),[1] authoritatively construed in Poore v. State, 531 So.2d 161 (Fla.1988). Poore was a youthful offender case, like this one. The court made clear there that unless the sentence originally imposed is a true split sentence, under the statute upon violation of probation the court may impose any lawful sentence that might have been handed down at the first sentencing. 531 So.2d at 164. To the same effect is our own decision in Lacey v. State, 831 So.2d 1267 (Fla. 4th DCA 2002), with which today's decision conflicts. For that reason, the trial judge was free to exceed youthful offender limits when defendant violated his probation. See also Hernandez v. State, 740 So.2d 1245 (Fla. 3d DCA 1999) (upon violation of defendant's probation, trial court was permitted to impose any sentence it might have imposed at the time of the initial sentence).
Second, even if the above were not applicable the right to youthful offender sentencing is not apparent from the face of the record and thus an evidentiary hearing is necessary to prove up the youthful offender *671 plea agreement. In State v. Callaway, 658 So.2d 983 (Fla.1995), the court held that:
"A rule 3.800 motion can be filed at any time, even decades after a sentence has been imposed, and as such, its subject matter is limited to those sentencing issues that can be resolved as a matter of law without an evidentiary determination." [c.o.]
658 So.2d at 988; see also Carter v. State, 786 So.2d 1173, 1180 (Fla.2001) ("Because the error in sentencing Carter as a habitual offender for a life felony is apparent on the face of the record, Carter is entitled to relief pursuant to rule 3.800(a)."). If a hearing with evidence is necessary to determine the issue, then the sentence may not be corrected under rule 3.800 as illegal. Callaway, 658 So.2d at 988 ("Resolution of the issue will require an evidentiary determination and thus should be dealt with under rule 3.850 which specifically provides for an evidentiary hearing.").
Our decisions in Fernandez v. State, 758 So.2d 1199 (Fla. 4th DCA 2000), and Frank v. State, 697 So.2d 584 (Fla. 4th DCA 1997), do not support the conclusion that "the State's supplementation of the order [denying relief under rule 3.800] is insufficient to support the trial court's summary denial." Those cases involved motions under rule 3.850, so they have no bearing on motions under rule 3.800. Under rule 3.800 there is no requirement for orders denying the motion to attach portions of the record refuting it. Nor is there any prohibition on "summary" denials of relief under rule 3.800, as there is under rule 3.850. Indeed all rule 3.800 motions must be summarily acted upon, that is without evidentiary hearing. Callaway, 658 So.2d at 988. In this case, the record on its face supports the sentences.
Shaw v. State, 826 So.2d 515 (Fla. 4th DCA 2002), is an inexplicable eccentricity. The record on its face there did not support a conclusion that the sentence was illegal, so reversal was improper under section 948.06(1) and Poore. Any dictum in Shaw that orders under rule 3.800 require attachment of record portions refuting the motion is similarly in error. We should recede from Shaw.
It is important to remember that there are other ways to attack a sentence besides rule 3.800. A sentence may be erroneous or improper, for example, because defendant did not qualify for a habitual offender sentence. The remedy for this error is a direct appeal or relief under rule 3.850. But erroneous or improper sentences are not illegal sentences within the meaning of rule 3.800 as explained in Carter. 786 So.2d at 1181 ("a sentence is `illegal' if it `imposes a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances'...."); see also Callaway, 658 So.2d at 987-88 ("there are three different types of sentencing errors: (1) an `erroneous sentence' which is correctable on direct appeal; (2) an `unlawful sentence' which is correctable only after an evidentiary hearing under rule 3.850; and (3) an `illegal sentence' in which the error must be corrected as a matter of law in a rule 3.800 proceeding."). Unless facts that can be disclosed only in an evidentiary hearing under rule 3.850 show that defendant did not qualify for an enhanced sentence under the habitual offender statutes, such a sentence would be proper and lawful.
The denial of defendant's motion for relief under rule 3.800 would not itself bar the filing of a rule 3.850 motion for relief from a sentence imposed after a probation violation. State v. McBride, 848 So.2d 287 (Fla.2003) ("[R]ule 3.800 expressly rejects application of res judicata principles to such motions."). Such a denial would *672 mean only that an illegality was not patent from the record. McBride, 848 So.2d at 292 ("collateral estoppel will not be invoked to bar relief [under rule 3.800] where its application would result in a manifest injustice."). A defendant might be barred for some other reason from seeking sentencing relief under rule 3.850, but if so the state would have to demonstrate that preclusion when such a motion were filed.
In this case, if defendant's violation of probation did not eliminate the plea agreement's youthful offender sentencing, I might have agreed to an affirmance that was without prejudice for the trial court, upon remand, to treat the motion now as an application under rule 3.850 and to proceed accordingly. Because the violation of probation eliminated the plea agreement, however, there is no reason to do so. The trial court must be affirmed.
NOTES
[1] § 948.06(1), Fla. Stat. (2003).