967 So.2d 934 (2007)
Jose MARRERO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-19.
District Court of Appeal of Florida, Second District.
August 31, 2007.
Rehearing Denied November 20, 2007.
*935 SILBERMAN, Judge.
Jose Marrero appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The postconviction court concluded that Marrero's motion was untimely. We affirm.
In December 2001, the trial court sentenced Marrero as a habitual felony offender (HFO) to thirty years' imprisonment for attempted trafficking in heroin and fifteen years' imprisonment for possession of heroin with intent to sell. This court affirmed the convictions and sentences. See Marrero v. State, 840 So.2d 238 (Fla. 2d DCA 2003) (table decision). Our mandate issued in March 2003.
Marrero timely filed a petition pursuant to Florida Rule of Appellate Procedure 9.141(c), alleging ineffective assistance of appellate counsel in his direct appeal. He claimed that counsel was ineffective for failing to argue that the trial court convicted him of a nonexistent crime and that his HFO sentence was illegal. This court found the first claim to be without merit but granted the petition as to the second claim. The court concluded that "[b]ecause Marrero's HFO sentence would have required reversal had the issue been raised on direct appeal, we reverse his sentence and remand for resentencing." Marrero v. State, 864 So.2d 1131, 1132 (Fla. 2d DCA 2003). In June 2004, the trial court resentenced Marrero. Marrero appealed, and this court affirmed the new sentence. See Marrero v. State, 912 So.2d 1229 (Fla. 2d DCA 2005) (table decision). Our mandate issued in November 2005.
In March 2006, Marrero filed a rule 3.850 motion, asserting three claims seeking relief from his convictions. He alleged that his conviction of attempted trafficking in heroin was unlawful, that his trial counsel was ineffective in failing to raise the defense of entrapment, and that trial counsel was ineffective in failing to argue and move for dismissal of the attempted trafficking offense based on the defense of abandonment.
The postconviction court, in the order before us for review, summarily denied the motion as untimely. The court determined that Marrero's judgment and sentence became final in March 2003 following the conclusion of his initial appeal and that he had until March 2005 to timely file a post-conviction motion attacking his convictions. The postconviction court found that there were no applicable exceptions to extend the two-year period. The court cited to Joseph v. State, 835 So.2d 1221 (Fla. 5th DCA 2003), and stated that Marrero's resentencing and the entry of an amended judgment and sentence in June 2004 did not extend the time for Marrero to file his postconviction motion.
*936 We agree with the postconviction court's conclusion. Subject to certain exceptions not applicable here, rule 3.850(b) provides a two-year period for the filing of a motion for postconviction relief "after the judgment and sentence become final in a noncapital case." A judgment and sentence become final for purposes of the rule "when any such direct review proceedings have concluded and jurisdiction to entertain a motion for post-conviction relief returns to the sentencing court." Ward v. Dugger, 508 So.2d 778, 779 (Fla. 1st DCA 1987); see also Cardali v. State, 794 So.2d 719, 721 (Fla. 3d DCA 2001) (citing Ward). Under rule 3.850, Marrero's judgment and sentence became final in 2003 when his direct appeal concluded. At that time, jurisdiction to entertain a motion for post-conviction relief returned to the sentencing court. See Ward, 508 So.2d at 779.
When a claim of ineffective assistance of appellate counsel is successful, the remedy is to award the petitioner a new appeal in order that the appellate court may determine the merits of an issue that should have been raised in the original direct appeal. See Wilson v. Wainwright, 474 So.2d 1162, 1163 (Fla.1985). In resolving Marrero's claim of ineffective assistance of appellate counsel, this court granted relief solely as to his HFO sentence for attempted trafficking. Marrero, 864 So.2d at 1132.
There was no impediment to Marrero filing his rule 3.850 motion alleging ineffective assistance of trial counsel during the two-year period beginning in March 2003, after his direct appeal was concluded. His filing of a petition alleging ineffective assistance of appellate counsel did not deprive the postconviction court of jurisdiction to consider any rule 3.850 motion that he might have filed. See Gawronski v. State, 801 So.2d 211, 211 (Fla. 2d DCA 2001) (stating "that the pendency of the rule 9.141(c) petition did not deprive [the postconviction court] of jurisdiction to entertain the rule 3.850 motion").
Similarly, had Marrero timely filed a rule 3.850 motion, he would not have been precluded from also timely filing a rule 9.141(c) petition. As the supreme court concluded in Francois v. Klein, 431 So.2d 165, 166 (Fla.1983), because a claim of ineffective assistance of trial counsel is necessarily separate and distinct from a claim of ineffective assistance of appellate counsel, the pendency in one court of one kind of claim does not deprive the other court of jurisdiction to proceed on the other claim.
We have found no authority stating that the filing of a rule 9.141(c) petition alleging ineffective assistance of appellate counsel tolls the time for filing a rule 3.850 motion. Had Marrero sought relief under both rules, each court would have had jurisdiction to consider his separate claims. See Francois, 431 So.2d at 166; Gawronski, 801 So.2d at 211. In Joseph, cited by the postconviction court, the Fifth District observed that the two-year limitation contained in rule 3.850 "is not tolled by other collateral proceedings filed in the trial court, even if a corrected sentence is entered." 835 So.2d at 1222 n. 3. Although a rule 9.141(c) petition alleging ineffective assistance of appellate counsel is filed in the appellate court rather than the trial court, we conclude that such a petition does not toll the two-year limitation contained in rule 3.850.
In summary, there was no basis for Marrero to delay seeking relief under rule 3.850 following the conclusion of his original appeal in 2003.[1] The fact that his rule *937 9.141(c) petition resulted in his being resentenced on one of his convictions did not reopen the expired time period for filing his rule 3.850 motion as to matters that he could have raised during the two-year period beginning in March 2003.[2]
The result that we reach is consistent with the rationale behind the adoption of rule 3.850. As the supreme court stated in Johnson v. State, 536 So.2d 1009, 1011 (Fla.1988),
The credibility of the criminal justice system depends upon both fairness and finality. The time limitation of rule 3.850 accommodates both interests. It serves to reduce piecemeal litigation and the assertion of stale claims while at the same time preserves the right to unlimited access to the courts where there is newly discovered evidence or where there have been fundamental constitutional changes in the law with retroactive application.
See also State v. Green, 944 So.2d 208, 217 (Fla.2006) (discussing the adoption of the time limitation contained in rule 3.850 and repeating the observation that "`[t]here is no reason why a defendant, through the exercise of due diligence, cannot determine his basis for collateral attack during that period of time'" (quoting McCrae v. State, 437 So.2d 1388, 1391 (Fla.1983) (Alderman, C.J., concurring in result only))); Baker v. State, 878 So.2d 1236, 1238-44 (Fla.2004) (explaining the history of rule 3.850).
Accordingly, we affirm the order summarily denying Marrero's postconviction motion.
Affirmed.
ALTENBERND and VILLANTI, JJ., Concur.
NOTES
[1] We also note that Marrero did not seek an extension of the two-year deadline for filing a rule 3.850 motion. See State v. Boyd, 846 So.2d 458, 459-60 (Fla.2003) (holding that "the Florida Rules of Criminal Procedure allow a court to extend the two-year deadline for seeking postconviction relief" but adding that such an extension of time "is not designed to indefinitely expand the two-year deadline, but only to afford a defendant a short period of extra time to file the motion where good cause is shown").
[2] Rule 9.141(c) also provides a mechanism for an individual to seek a belated appeal. We do not address whether the analysis here would equally apply to a case involving a petition for belated appeal as opposed to a petition alleging ineffective assistance of appellate counsel.