968 So.2d 677 (2007)
Brian FORISSO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3070.
District Court of Appeal of Florida, Fourth District.
November 14, 2007.
*678 Brian Forisso, Raiford, pro se.
No appearance required for appellee.
PER CURIAM.
We withdraw our opinion filed on September 26, 2007, and replace it with this opinion.
Brian Forisso (Defendant) appeals from the summary denial without prejudice of his rule 3.850 motion for postconviction relief, and the order denying his motion for rehearing. We affirm, as his motion does not clearly indicate in what way his trial counsel was ineffective in arguing a motion to dismiss on double jeopardy grounds; he needs to state precisely how his attorney's performance was deficient, and how that deficiency prejudiced him. We also agree with the state's response below that any claim alleging ineffective assistance of appellate counsel (including, as the state's response noted, any ineffectiveness in failing to raise on appeal the trial court's denial of the motion to dismiss) must be raised in a rule 9.141(c) petition to this court.
Defendant's statement in his initial brief that a rule 3.850 motion and a rule 9.141(c) motion cannot be filed at the same time is erroneous. See, e.g., Francois v. Klein, 431 So.2d 165 (Fla.1983) (explaining that motion for postconviction relief and petition for habeas corpus both may be pursued simultaneously because doing so presents no danger of conflicting rulings by different courts on same issues); Baber v. State, 696 So.2d 490 (Fla. 4th DCA 1997). His deadline for filing either one or both is the same: March 3, 2008, two years after the issuance of this court's mandate in his direct appeal. The pendency of the instant rule 3.850 proceeding will not toll the time to file a rule 9.141(c) petition.
STONE, KLEIN and HAZOURI, JJ., concur.