**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-40799
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT DANIEL DAVIS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CR-63-1

Before KING, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert Daniel Davis, federal prisoner # 97410-079, appeals the district court's order denying his motion to vacate. Davis's motion to vacate sought to challenge his 2008 conviction and sentence due to lack of subject matter and territorial jurisdiction. Thus, the motion should have been construed as arising under 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). Although Davis's direct appeal was pending when he filed the motion to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

vacate, the district court had jurisdiction to consider the motion in exceptional circumstances. *See Woollard v. United States*, 416 F.2d 50, 51 (5th Cir. 1968). Nevertheless, because Davis's motion is properly construed as arising under § 2255, this court lacks jurisdiction over the instant appeal absent a certificate of appealability (COA) ruling in the district court. *See United States v. Youngblood*, 116 F.3d 1113, 1114-15 (5th Cir. 1997). The district court did not construe Davis's notice of appeal as a COA request. However, this court declines to remand this case in light of the patent frivolity of Davis's appeal. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). Accordingly, the instant appeal is DISMISSED for lack of jurisdiction.