# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11066
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2017

Lyle W. Cayce
Clerk

LAVELLE EVANS,

Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-21

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Lavelle Evans, Texas prisoner # 1830990, was convicted of capital murder and sentenced to life in prison. After his 28 U.S.C. § 2254 habeas petition was denied and his appeal was pending, he filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). The district court

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-11066

construed the motion as an unauthorized successive § 2254 petition and transferred the matter to this court. Evans is proceeding *pro se.*

Our examination of Evans' filings, the record, and pertinent authority shows no error in the court's conclusion that Evans' Rule 60(b) motion was best construed as a second § 2254 petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530–32 & n.4 (2005). His motion attacked the court's merits-based resolution of his prior § 2254 claims, despite also alleging counsel committed fraud upon the court by submitting an affidavit in the state *habeas corpus* proceeding and in district court containing lies and misrepresentations. *See Fierro v. Johnson*, 197 F.3d 147, 153–55 (5th Cir. 1999).

Instead of transferring the case to this court, however, the district court should have dismissed it without prejudice because, at the time, the appeal of the denial of his first § 2254 petition was pending in this court. *See Woollard v. United States*, 416 F.2d 50, 51 (5th Cir. 1968). That appeal remains pending.

Accordingly, we VACATE the district court's transfer order, and REMAND this matter for proceedings consistent with this opinion.