# Third District Court of Appeal

## State of Florida

Opinion filed May 1, 2019.

————————

No. 3D18-2230
Lower Tribunal No. 09-40014

————————

**Bernard Gyden, II,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Spencer J. Multack, Judge.

Bernard Gyden, II, in proper person.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before EMAS C.J., and SCALES and MILLER, JJ.

PER CURIAM.

## ON CONFESSION OF ERROR

Bernard Gyden, II appeals the trial court's order dismissing his amended motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. Because Gyden's petition for writ of habeas corpus (alleging ineffective assistance of appellate counsel) was pending before this Court at the same time, the trial court concluded it lacked jurisdiction to entertain or adjudicate Gyden's motion for postconviction relief, and dismissed the motion.

As the State properly and commendably concedes, the trial court erred because it did have jurisdiction to consider Gyden's motion for postconviction relief even while there remained pending before this Court an original proceeding asserting a claim of ineffective assistance of appellate counsel. As the Florida Supreme Court said:

> In Knight v. State, 394 So. 2d 997 (Fla. 1981), we recognized that allegations of ineffectiveness of appellate counsel are not cognizable under a Rule 3.850 motion because they do not relate to anything done by or transpiring before the trial court. Such allegations, we held, should be addressed to the appellate court by means of a petition for habeas corpus. On the other hand, allegations of ineffectiveness of legal counsel at one's trial are properly presented to the trial court by a Rule 3.850 motion. Since the two judicial attacks on petitioner's convictions and sentences . . . . were thus separate and distinct, there was no danger . . . of conflicting and confusing rulings by different courts on the same issues . . . . *We do not perceive so substantial a problem of confusion as to require us to hold that the pendency of one kind of proceeding deprives the other court of jurisdiction to proceed.*

<u>Francois v. Klein</u>, 431 So. 2d 165, 166 (Fla. 1983) (emphasis added) (internal citations omitted). <u>See also</u> <u>Reidy v. State</u>, 30 So. 3d 705 (Fla. 5th DCA 2010); <u>Evans v. State</u>, 962 So. 2d 938 (Fla. 3d DCA 2007); <u>White v. State</u>, 855 So. 2d 723 (Fla. 3d DCA 2003); <u>Gawronski v. State</u>, 801 So. 2d 211 (Fla. 2d DCA 2001).

We reverse and remand for the trial court to address and, as appropriate, to adjudicate Gyden's amended motion for postconviction relief.