697 So.2d 1289 (1997)
Thomas A. WYATT, Petitioner,
v.
STATE of Florida, Respondent.
No. 97-1421.
District Court of Appeal of Florida, Fifth District.
August 15, 1997.
Mary Anderson Mills, Assistant CCR, Tallahassee, for Petitioner.
*1290 Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer Meek, Assistant Attorney General, Daytona Beach, for Respondent.
HARRIS, Judge.
Thomas A. Wyatt was convicted of robbery with a deadly weapon in 1989. His trial counsel mailed a letter to him addressed to the Vero Beach county jail where he was then incarcerated, enclosing an affidavit of indigency for the purpose of appeal. The affidavit was never returned to the attorney, and Wyatt now claims that it was never returned because he never received the letter. The attorney filed a timely notice of appeal, but it was dismissed by this court in 1990 for failure to pay the filing fee or to file an order of insolvency after this court ordered the attorney to do so under penalty of dismissal.
In 1996, the Volusia County Public Defender's Office filed a motion to reinstate the appeal. This court then ordered the State to respond to defendant's motion and address the applicability of State v. District Court of Appeal, First District, 569 So.2d 439 (Fla. 1990) (holding that petitions for belated appeal because of ineffective assistance of trial counsel should be filed in the trial court by motion under Rule 3.850, rather than in appellate courts by petition for writ of habeas corpus). The State's position was that since the notice of appeal was filed by trial counsel without the appropriate affidavit of indigency and since there was no order appointing Wyatt an appellate counsel, then ineffective assistance of appellate counsel was not before the court; therefore, habeas corpus was unavailable and defendant would have to apply to the trial court by way of a 3.850 motion. We denied the reinstatement of the appeal.
Whether we are facing ineffective assistance of trial counsel or appellate counsel is critical because the two-year period for bringing a 3.850 motion has long since run. While we agree with those courts which have held that the failure of an attorney to appeal a trial court's decision is ineffective trial attorney action, we believe that having an appeal, timely filed, dismissed because the filing fee is not paid or an order of insolvency is not filed even after counsel is told by the appellate court to pay the fee or file the order or face dismissal is the epitome of ineffective appellate counsel. It is, after all, the filing of the notice of appeal that makes one counsel of record and submits the lawyer to the authority of this court. After our denial of Wyatt's motion to reinstate his appeal, he filed his current petition for writ of habeas corpus. The new two-year time limitation on petitions for writ of habeas corpus do not apply in this case. See Fla. R.App.P. 9.140(j)(3). Further, the fact that we could not reinstate the appeal on Wyatt's previous motion because the filing fee had not been paid nor had the court order of insolvency been filed, does not now, on this petition for writ of habeas corpus, prevent us from determining that appellate counsel was ineffective in not seeking a remand to the circuit court in order to obtain the order of insolvency.
We grant the writ and authorize the belated appeal. When filed in the lower court, this opinion shall serve as defendant's Notice of Appeal. Fla.R.App.P. 9.140(j)(5)(D).
WRIT GRANTED; BELATED APPEAL AUTHORIZED.
W. SHARP and ANTOON, JJ., concur.