835 So.2d 1221 (2003)
Maille JOSEPH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3891.
District Court of Appeal of Florida, Fifth District.
January 24, 2003.
Spencer Rhodes of R. Spencer Rhodes, P.A., Orlando, for Appellant.
No Appearance for Appellee.
ORFINGER, J.
Maille Joseph appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the rule 3.850 motion as untimely. We affirm.
After being convicted of burglary, robbery and kidnaping in 1998, Joseph filed an appeal with this court. His appeal was dismissed by order of this court rendered September 1, 1999, after Joseph filed a notice of voluntary dismissal. No mandate was issued. As a result, the two-year limitation period for filing a rule 3.850 motion began to run at that time. See Fla. R.Crim. P. 3.850(b). "A judgment and sentence `become final' when direct review proceedings are concluded, and jurisdiction to entertain motions for post-conviction relief returns to the trial court." Baggett v. *1222 State, 637 So.2d 303, 303 (Fla. 1st DCA 1994) (citing Ward v. Dugger, 508 So.2d 778 (Fla. 1st DCA 1987)). The two-year limitation period began to run on the date this court dismissed Joseph's appeal even though no mandate was issued by the appellate court. Brown v. State, 802 So.2d 526 (Fla. 1st DCA 2001).
As such, Joseph had until September 4, 2001, to file his rule 3.850 motion.[1] Joseph's rule 3.850 motion was not filed until September 5, 2001. As a result, the trial court correctly concluded that Joseph's motion for postconviction relief, which was filed through counsel, though only one day late, was untimely.[2] Accordingly, we affirm the summary denial of Joseph's rule 3.850 motion. However, we do so without prejudice for Joseph to seek relief in a properly filed motion for belated postconviction relief under Florida Rule of Criminal Procedure 3.850(b)(3), about which we express no opinion.[3]
AFFIRMED.
PALMER, J. and COBB, W., Senior Judge, concur.
NOTES
[1] September 1, 2001 fell on a Saturday and September 3, 2001 was Labor Day. Therefore, Joseph's rule 3.850 motion should have been filed no later than September 4, 2001.
[2] Because the motion was filed by counsel, Joseph is not entitled to the benefit of the "mailbox" rule.
[3] In his motion for rehearing of the order denying relief filed with the trial court Joseph suggests that the two-year limitation was tolled by an order on Joseph's 3.800(a) motion rendered on April 24, 2000. The two-year limitation is not tolled by other collateral proceedings filed in the trial court, even if a corrected sentence is entered. An illegal sentence may be corrected at any time, and it would make no sense to allow a judgment to be attacked many years after the expiration of the two-year deadline simply because a sentence was corrected pursuant to a rule 3.800(a) motion.