884 So.2d 126 (2004)
Tonny PRESIDENT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3858.
District Court of Appeal of Florida, Fourth District.
July 7, 2004.
Lewis A. Fishman of Lewis A. Fishman, P.A., Plantation, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Linda Harrison, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Tonny President was convicted by jury of three counts of robbery with a firearm. He appeals the conviction on the basis that the trial court should have suppressed his taped statement in which he confessed to the robbery. President contends that the Miranda[1] warnings administered to him did not properly advise him of his right to have counsel present during interrogation. We hold that the Miranda warnings were legally insufficient and therefore reverse for a new trial.
President was advised of his rights under Miranda by Detective Sudman of the Broward County Sheriff's Office (BSO). Detective Sudman utilized the *127 preprinted form that the BSO provides to its officers. The form states as follows:
You have the right to remain silent. Anything you say can be used against you in a court of law. You have the right to talk to a lawyer and have the lawyer present before any questioning. If you cannot afford a lawyer, one will be appointed to represent you, before any questioning, if you wish.
Although the warnings informed President that he had a right to talk to a lawyer before questioning, President was not specifically advised that he could ask to speak to a lawyer during questioning. We have recently addressed this same issue and held that a Miranda warning which fails to advise the suspect of the right to counsel during interrogation is inadequate. See West v. State, 876 So.2d 614 (Fla. 4th DCA 2004); Franklin v. State, 2004 WL 1335753 (Fla. 4th DCA June 16, 2004); Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004). In addition, the State has failed to produce evidence that President was aware of this right and knowingly waived it. Therefore, President's taped statement should have been suppressed.
We are unable to conclude that this error was harmless beyond a reasonable doubt. Harmless error exists where the state can prove beyond a reasonable doubt that the error did not contribute to the verdict. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). Therefore, we reverse President's conviction and sentence and remand for a new trial.
REVERSED.
WARNER, KLEIN and HAZOURI, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).