PER CURIAM.
Appellant, Cal Graham, appeals the denial of his Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error. We reverse and remand for resentencing because Graham’s Criminal Punishment Code scoresheet is incorrect and the record is not clear that the sentencing court would have imposed the same sentence had it been presented with the correct scoresheet calculation.
Following his conviction for possession of cocaine with intent to sell, Graham was sentenced to 59.925 months in prison, the lowest permissible prison sentence under the Criminal Punishment Code, followed by three years of drug offender probation. Graham filed a Rule 3.800(b)(2) motion to correct sentencing error, arguing that the trial court incorrectly included points for a count for which he was acquitted and points for prior juvenile convictions which were more than five years old at the time of the primary offense. The trial court denied Graham’s motion and this appeal ensued.
We agree that Graham’s scoresheet was incorrectly calculated. The court granted Graham’s motion for judgment of acquittal for a separate count, giving a false name to a law enforcement officer; however, points were assessed for this offense on his score-sheet. Furthermore, points for Graham’s prior juvenile convictions were incorrectly included as prior record. Section 921.0021(5), Florida Statutes, (2004) provides, in relevant part, that “juvenile dispositions of offenses committed by the offender within 5 years before the primary offense are included in the offender’s prior record when the offense would have been a crime had the offender been an adult rather than a juvenile.” § 921.0021(5), Fla. Stat. Because the “primary offense,” possession of cocaine with intent to sell, had an incident date of April 7, 2004, any juvenile dispositions occurring prior to April 7, 1999 should not have been included in the scoresheet as prior record. Thus, the trial court erred in assessing points in Graham’s scoresheet for offenses which occurred more than five years prior to the primary offense date.
Furthermore, we cannot conclude that the scoresheet errors in this case were harmless. In State v. Anderson, 905 So.2d 111 (Fla.2005), the Court approved the “would-have-been-imposed” harmless error test with regard to scoresheet errors. Under this test, a scoresheet error requires resentencing unless the record “conclusively shows that the same sentence would have been imposed using a correct score-sheet.” Anderson, 905 So.2d at 112. Moreover, in Cruz v. State, 884 So.2d 105, 106 (Fla. 4th DCA 2004), following Anderson, we reversed for a resentencing hearing where it could not be conclusively said that the trial court would have imposed the same sentence with the corrected scoresheet.
In this case, the record does not conclusively show that the same sentence would have been imposed if the scoresheet had been correctly calculated. The trial court imposed the lowest permissible prison sentence of 59.925 months, although the maximum sentence for possession of cocaine with intent to sell, a second degree felony, is fifteen years. We find support for our decision in Frazier v. State, 912 So.2d 54, 55 (Fla. 4th DCA 2005), where we reversed the defendant’s sentence when the original scoresheet indicated that the minimum sentence was 83 months (6.9 years) and the correct scoresheet indicated that the minimum sentence was 74.5 months (6.2 *1264 years). Even though the trial court imposed a sentence of twelve years, we found that the difference of eight months in the recommended minimum sentence might have caused the sentencing judge to impose a lower sentence since he was not inclined to sentence the defendant to the statutory maximum. Id. at 56. Similarly, the trial court in this case imposed the lowest permissible prison sentence calculated under the Criminal Punishment Code and was not inclined to sentence Graham to the statutory maximum, and as a result, we cannot conclude that the trial court would have imposed the same sentence using a corrected scoresheet.
We therefore reverse Graham’s sentence and remand for resentencing according to a corrected scoresheet.

Reversed.

STEVENSON, C.J., GUNTHER and FARMER, JJ., concur.