975 So.2d 1197 (2008)
Varian MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2182.
District Court of Appeal of Florida, Fifth District.
March 7, 2008.
James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Respondent.
SAWAYA, J.
Varian L. Mitchell appeals the trial court's summary denial of his rule 3.850 motion for postconviction relief, which alleged ineffective assistance for defense counsel's failure to object to a sentencing scoresheet error. We reverse and remand for an evidentiary hearing or for attachment of the portions of the record that refute Mitchell's claim.
In his motion, Mitchell alleges that the trial court incorrectly scored a previous *1198 conviction, which was specifically listed as "Att Traff Cocaine," as a level 7 offense when it should have been scored as a level 6 offense. Mitchell points out that, because the conviction was for an attempt, it should have been scored one offense level below the completed offense, pursuant to Florida Rule of Criminal Procedure 3.704(d)(10). He also points out that if the trial court had properly scored the crime as a level 6 offense, the scoresheet would have included 9 points rather than the 14 points actually factored into the computation. Mitchell argues that this reduction would have made a non-state prison sanction the lowest permissible sentence, rather than the 12.9-month state prison sentence required by the allegedly improper scoresheet and, therefore, his trial counsel rendered ineffective assistance by failing to object to this error.
The trial court summarily denied this ground of Mitchell's motion, finding that Mitchell's prior conviction for attempted trafficking pursuant to subparagraph 893.135(1)(b)1., Florida Statutes (2004), is a level 7 offense under chapter 921, Florida Statutes. We are unable to affirm based on this finding because the sentencing scoresheet, which reflects a prior conviction for violation of subparagraph 893.135(1)(b)1., fails to specify which of the three sub-subparagraphs thereof, a., b., or c., Mitchell was convicted of violating and this information is not found elsewhere in the record.
While, at first blush, this may seem to be a matter of trivial concern, it is of considerable consequence to the outcome here. Each of the sub-subparagraphs carries a different mandatory minimum penalty, dependent upon the quantity of cocaine involved, and each constitutes a different offense level under chapter 921, varying from level 7 to level 9.[1] Accordingly, it is necessary to know which sub-subparagraph applies in order to properly review Mitchell's claim for relief; without record evidence of the applicable sub-subparagraph, it is impossible to know whether the court reduced this prior offense by one level as required by Florida Rule of Criminal Procedure 3.704(d)(10).
When a trial court summarily denies a motion for postconviction relief without holding an evidentiary hearing or attaching portions of the record to refute the allegations, review is limited to determining whether, accepting the defendant's allegations as true, the motion conclusively shows the defendant is not entitled to relief. Davis v. State, 571 So.2d 118, 119 (Fla. 5th DCA 1990). Mitchell alleges that his prior conviction was for a violation of sub-subparagraph a., and the trial court has attached no evidence to the contrary. Taking Mitchell's allegation as true, which we must, the correct scoresheet calculation would provide for a lower permissible sentence than did the scoresheet under which he was sentenced. Moreover, Mitchell may be entitled to be resentenced if the evidentiary hearing confirms a scoresheet error, given the more defendant-friendly "would have been imposed" standard applicable to motions filed under rule 3.850. Under the "would have been imposed" standard, such a mistake is not harmless error, as the court in State v. Anderson, 905 So.2d 111, 115-16 (Fla.2005), explained:
The would-have-been-imposed test applies this standard to scoresheet error. It requires an examination of the record *1199 for conclusive proof that the scoresheet error did not affect or contribute to the sentencing decision. If the reviewing court cannot determine conclusively from the record that the trial court would have imposed the same sentence despite the erroneous scoresheet, remand for resentencing is required.
The supreme court then held:
Because it is essential for the trial court to have the benefit of a properly calculated scoresheet when deciding upon a sentence, we agree that the would-have-been-imposed standard should apply to motions filed under rule 3.850 to correct scoresheet error.
Id. at 118.
The record does not conclusively show either that Mitchell is not entitled to relief or that the trial court would have imposed the same sentence using a correct scoresheet. Therefore, we reverse and remand for an evidentiary hearing or for attachment of those portions of the record conclusively establishing that Mitchell is not entitled to relief. If a hearing is required and it confirms an error, resentencing will be necessary unless the court conclusively establishes that it would have imposed the same sentence even under the corrected scoresheet.
REVERSED and REMANDED.
GRIFFIN and EVANDER, JJ., concur.
NOTES
[1] A violation of sub-subparagraph 893.135(1)(b)1.a. is a level 7 offense, see § 921.0012(3)(g), Fla. Stat. (2004); a violation of sub-subparagraph 893.135(1)(b)1.b. is a level 8 offense, see § 921.0012(3)(h), Fla. Stat. (2004); and a violation of sub-subparagraph 893.135(1)(b)1.c. is a level 9 offense, see § 921.0012(3)(i), Fla. Stat. (2004).