THOMPSON, E., Senior Judge.
Andres Pineiro seeks a belated appeal with respect to his judgment and sentence and the trial court’s summary denial of his rule 3.850 motion. See Fla. R. App. P. 9.141(c). We find that Pineiro is entitled to a belated rule 3.850 appeal, but not a belated direct appeal.
Pineiro was charged with two counts of conspiracy to traffic in heroin, 28 grams or more, and one count of trafficking heroin, 14 grams or more. The trial court found Pineiro competent on 11 July 2003. He pled guilty to all counts on 25 September 2003, and was sentenced to concurrent terms of 18 years’ incarceration.
On 24 October 2003, Pineiro’s counsel, James Woods, filed a notice of appeal. Pineiro’s appeal was dismissed on 20 January 2004, for failure to pay the filing fee or file an order of insolvency.
On 13 March 2006, Pineiro’s new counsel, Martin Cordell, filed an amended rule 3.850 motion for postconviction relief seeking “to have [the trial court] reconsider whether he was competent to proceed with sentencing on September 25, 2003.” The trial court denied the motion on 13 April 2006, finding that Pineiro’s rule 3.850 claim “should have been brought on direct appeal.” The trial court also stated that “[i]f Defendant believes that, through neglect, counsel failed to act on his request to appeal, he should file a motion for belated appeal pursuant to Rule 3.850(g).”
Pineiro now seeks a belated appeal of both his judgment and sentence and the trial court’s summary denial of his rule 3.850 motion. He alleges that attorney Cordell should have filed a petition to reinstate Pineiro’s direct appeal due to ineffective assistance of appellate counsel instead of filing a rule 3.850 motion.
In addition, Pineiro alleged that “[a]ll correspondence from the lower court on that motion was sent directly to Mr. Cor-dell. ..” and he did not learn of attorney Cordell’s filing of “the wrong motion” until his brother mailed him a copy of the trial court’s summary denial of the rule 3.850 motion on 10 May 2007. This assertion is verified by the rule 3.850 summary denial order, which demonstrates in the certificate of service that Pineiro did not receive a copy. Based on this fact, the State avers that it has no objection to granting a belated appeal of the order rendered 13 April 2006. For this reason, we grant Pineiro’s belated appeal of the court’s summary denial of his rule 3.850 motion.
However, we do not find that Pineiro is entitled to a belated direct appeal. Rule 9.141(c) allows a defendant to petition this court for a belated appeal of a final order within two years after the expiration of time for filing a notice of appeal, unless the petitioner alleges that he:
(I) was unaware an appeal had not been timely filed or was not advised of the right to an appeal; and
(II) should not have ascertained such facts by the exercise of reasonable diligence.
See Fla. R.App. P. 9.141(c)(4)(A). The rule does not expressly contemplate a situation such as the instant one where a notice of appeal was actually filed, but the appeal was later dismissed.
This court, however, has repeatedly equated an attorney’s failure to ensure that the appellate filing fee is paid or that an order of insolvency is entered (where such a failure leads to the dismissal of an otherwise timely appeal) with ineffective assistance of appellate counsel. See Spivey v. State, 827 So.2d 390 (Fla. 5th DCA 2002); Wyatt v. State, 697 So.2d 1289 (Fla. 5th *1188 DCA 1997); see also Burnside v. State, 720 So.2d 269 (Fla. 5th DCA 1998) (reinstating appeal because appellate counsel was ineffective for failing to file an initial brief); Johnson v. State, 719 So.2d 986 (Fla. 5th DCA 1998). As such, the rules of appellate procedure dealing with claims of ineffective assistance of appellate counsel are applicable to the instant situation. Specifically, Rule 9.141(c)(4)(B) states:
A petition alleging ineffective assistance of appellate counsel shall not be filed more than 2 years after the conviction becomes final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel.
Pineiro’s direct appeal became final on 20 January 2004, when this court entered a dismissal for failure to pay the filing fee or file an order of insolvency. Cf. Joseph v. State, 835 So.2d 1221 (Fla. 5th DCA 2003) (holding that the two-year time period for filing a rule 3.850 motion began to run from the date that the appellate court dismissed his direct appeal as that was the point in time that the judgment and sentence became final). Accordingly, Pineiro had two years from the date of dismissal, or until 20 January 2006, to file a petition for belated appeal alleging ineffective assistance of appellate counsel. The instant petition is untimely because it was not filed until 21 May 2007.
Furthermore, we do not find that Pinei-ro “was affirmatively misled about the results of the appeal.” See Fla. R. App. P. 9.141(c)(4)(B). Pineiro would have known that his direct appeal was dismissed no later than 21 September 2005, when attorney Cordell filed the rule 3.850 motion. Pineiro contends in the instant petition that the purpose behind his rule 3.850 motion was to essentially seek a belated appeal based on attorney Woods’ failure to pay the filing fee or file an order of insolvency. Because these facts do not equate to a scenario where Pineiro “was affirmatively misled about the results of the appeal,” his attempts to seek a belated appeal of his judgment and sentence are untimely.
Accordingly, we DENY Pineiro’s petition as it relates to his direct appeal and GRANT his petition as it relates to his rule 3.850 motion.
ORFINGER and TORPY, JJ., concur.