981 So.2d 673 (2008)
Tonny PRESIDENT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-636.
District Court of Appeal of Florida, Fourth District.
May 21, 2008.
Tonny President, Chipley, pro se.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Tonny President, appeals the trial court's order summarily denying his motion for post conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, as amended and supplemented. We affirm the trial court's summary denial of claims 1, 2, 4 and 5 without further discussion.
In claim three, President argued Criminal Punishment Code scoresheet error resulting in 69 points being improperly included. Those points were for three counts of armed robbery, which were subsequently reversed and remanded for new trial by this court in President v. State, 884 So.2d 126 (Fla. 4th DCA 2004), rev. denied, sub nom., State v. West, 892 So.2d 1014 (Fla.2005) and then nolle prossed by the State. See State v. Peterson, 667 So.2d 199, 201 n. 4 (Fla.1996) (recognizing that a criminal defendant whose sentence *674 was based on a scoresheet which included points for convictions subsequently overturned on appeal is entitled to file for post conviction relief from that sentence). President alleged that he would not have received the same sentence but for this erroneous assessment.
Here, the record does not conclusively show either that President is not entitled to relief or that the trial court would have imposed the same sentence using a correct scoresheet. Therefore, we reverse and remand the trial court's summary denial of claim three only, for an evidentiary hearing or for attachment of those portions of the record conclusively establishing that President is not entitled to relief. If a hearing is required and it confirms this sentencing error, resentencing will be required, unless the trial court conclusively establishes that it would have imposed the same sentence even under the corrected scoresheet. State v. Anderson, 905 So.2d 111 (Fla.2005); Mitchell v. State, 975 So.2d 1197 (Fla. 5th DCA 2008).
Affirmed in part, reversed and remanded in part.
WARNER, POLEN and KLEIN, JJ., concur.