989 So.2d 686 (2008)
Arthur SOSNOWSKY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1326.
District Court of Appeal of Florida, Fourth District.
July 30, 2008.
Barbara J. Scheffer, Palm Beach Gardens, for appellant.
*687 Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
We reverse appellant's conviction of attempted second degree murder because the court erred in admitting appellant's conversations in which he solicited an undercover officer to kill the victim and another witness. These conversations, which were made after he was arrested and had retained counsel, violated appellant's Sixth Amendment right to counsel.
While appellant was an inmate following his arrest for attempted second degree murder, he tried to arrange, through a cellmate, to have the victim and a witness killed. Through the cellmate appellant was placed in touch with an undercover officer who was represented to be a hit man, and solicited the officer to commit murder. Although the solicitation was not the charge in this trial, the trial court, over appellant's objection, admitted taped conversations involving the solicitation and alleged killings of the victim and witness by the hit man.
In Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), the Court held that incriminating statements elicited by a government agent outside the presence of counsel cannot be admitted in evidence. United States v. Henry, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980), interpreted Massiah to require suppression of statements made to a jail-house informant who was placed by the state in the same cell as the defendant and instructed to be alert to any incriminating statements made by the defendant. See also U.S. v. Terzado-Madruga, 897 F.2d 1099 (11th Cir.1990) (court suppressed statements by a defendant to an undercover informant, even though the government's alleged purpose was to investigate an unrelated crime not involving the defendant.)
Because appellant was represented by counsel, his statements to the undercover officer were not admissible. Neither was appellant's gun, which was discovered through these statements. We find no merit to the other issues raised, except for the issue arguing that the solicitation became a feature of the trial, but that issue is now moot.
Reversed for a new trial.
TAYLOR and DAMOORGIAN, JJ., concur.