WOLF, J.
The issue is whether a motion filed pursuant to Florida Rule of Criminal Procedure 3.850 is timely when filed within 2 years of an amended final judgment and which raises issues which did not exist prior to the entry of the amended final judgment. We determine the underlying motion is timely and remand to the trial court to address appellant’s motion.
On October 11, 2004, following a jury trial, appellant was sentenced to 25 years’ imprisonment with a 10-year mandatory minimum for carjacking with a firearm or deadly weapon and armed kidnapping with a deadly weapon. Appellant’s convictions and sentences were affirmed per curiam on direct appeal. Rogers v. State, 913 So.2d 605 (Fla. 1st DCA 2005) (unpublished table opinion). The mandate was issued on November 16, 2005. Thereafter, appellant filed a motion alleging ineffective assistance of appellate counsel, and this court vacated the armed kidnapping conviction and remanded for a new trial. Rogers v. State, 935 So.2d 639, 640 (Fla. 1st DCA 2006). Upon remand, the State entered the nolle prosequi of the armed kidnapping charge. On June 5, 2007, a judgment was entered without any further resentencing.
On February 9, 2009, appellant filed the instant rule 3.850 motion. The court summarily denied appellant’s motion. Appellant alleged, that after his armed kidnapping charge was dismissed, his Criminal Punishment Code scoresheet was never amended and he was never resentenced for the remaining conviction of carjacking. Appellant further alleged the armed kidnapping conviction was still listed as the primary offense and his scoresheet included 116 points assessed for this conviction; and, therefore, because this charge had been dismissed, he should be resentenced using a corrected scoresheet.
The critical issue is whether appellant’s 3.850 motion was timely filed. If it was, this case is strikingly similar to President v. State, 981 So.2d 673 (Fla. 4th DCA 2008). In President, appellant’s score-sheet contained points for three convictions which were subsequently reversed and then nolle prossed by the State. The appellant in that case alleged he would not have received the same sentence for his remaining conviction but for the erroneous *637 assessment and the record did not conclusively show the trial court would have imposed the same sentence using a correct scoresheet. The Fourth District reversed and remanded for an evidentiary hearing or for attachment of portions of the record establishing the court would have imposed the same sentence even under the corrected scoresheet. Id.
If appellant’s 3.850 motion was untimely and treated as a Florida Rules of Criminal Procedure 3.800(a) motion, he would not be entitled to relief because the same sentence could have been imposed on the basis of a corrected scoresheet. See Brooks v. State, 969 So.2d 238 (Fla.2007). However, the motion in the instant case was filed within 2 years of the amended final judgment.
Florida Rule of Criminal Procedure 3.850(b) reads “[n]o other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence becomes final.... ” Where a court of this state grants relief to a defendant which ultimately results in an amended judgment being entered, as to any new issues raised by entry of the amended judgment, the time period for filing a rule 3.850 motion begins to run at the time of the amended judgment.[1]
We, therefore, reverse and remand for an evidentiary hearing or for attachment of portion of the record establishing that appellant is not entitled to relief.
HAWKES, C.J., and DAVIS, J., concur.

. We would note that footnote 3 in Joseph v. State, 835 So.2d 1221, 1222 (Fla. 5th DCA 2003), indicated the 2-year limitation was not tolled by resentencing. Joseph is inapplicable in this case for two reasons: 1) in the instant case we are not dealing with a resentencing but an actual deletion of a determination of guilt of one charge contained in the initial final judgment; and 2) Joseph did not specifically address what would happen if new issues were raised by the resentencing.