PER CURIAM.
Appellant has appealed an order denying her rule 3.850 motion as untimely filed in the trial court. Appellant’s underlying judgment and sentence became final on April 30, 2008, when this court issued an order dismissing her direct appeal. Pursuant to rule 3.850, Appellant had until April 30, 2010, to timely file a rule 3.850 motion. The record appears to indicate that Appellant did not place the motion into the hands of the correctional institution for mailing but, instead, she retained counsel who filed a notice of appearance on *861 May 4, 2010. On May 5, 2010, counsel filed the instant motion on Appellant’s behalf. The trial court dismissed the motion because it was untimely filed. As Appellant was represented by counsel, she is not entitled to the benefit of the Mailbox Rule. See Haag v. State, 591 So.2d 614 (Fla.1992) (discussing that pro se prisoner filings are to be considered filed when placed into the hands of prison officials for mailing). Thus, the date of filing is the date that counsel filed the motion. See generally Fla. R. Civ. P. 1.080(e).
While we affirm the trial court’s ruling that the motion was untimely filed, Florida Rule of Criminal Procedure 3.850(b)(3) allows for a waiver of the two-year filing bar when counsel, “through neglect, failed to file the motion.” If such a situation applies to the instant case, Appellant may seek a waiver of the two-year time limitation before the lower court so that the court may consider the merits of Appellant’s claims. See Tinsley v. State, 41 So.3d 334 (Fla. 1st DCA 2010); Johnson v. State, 7 So.3d 643 (Fla. 3d DCA 2009).
AFFIRMED.
BENTON, C.J., DAVIS and THOMAS, JJ., concur.