PER CURIAM.
Tonny President appeals a trial court order entered after remand, pursuant to President v. State, 981 So.2d 673 (Fla. 4th DCA 2008). In that case, we directed the trial court to either conduct an evidentiary hearing or attach portions of the record conclusively establishing that appellant was not entitled to relief in a post-conviction sentencing challenge. In his post-conviction challenge appellant claimed that the trial court had erroneously imposed sixty-nine points for convictions which were later reversed and remanded for new trial, and ultimately nolle prossed, and that the trial court would not have imposed the same sentence if the scoresheet were corrected. See State v. Anderson, 905 So.2d 111 (Fla.2005).
On remand, the trial court did not conduct an evidentiary hearing, but rather summarily denied relief once again. The trial judge acknowledged that he was not the judge who had actually sentenced appellant almost seven years earlier, but noted that there was no rule barring him from concluding that the same sentence would have been imposed with a corrected score-sheet. The judge then pointed to the record, which showed that the sentencing judge imposed the maximum penalty of life in prison immediately after the verdict finding appellant guilty of robbery with a firearm. He concluded that this demonstrated that the judge would have imposed the same sentence even with a correct scoresheet, citing by contrast Graham v. State, 920 So.2d 1262 (Fla. 4th DCA 2006).
In Graham, following the defendant’s conviction for possession of cocaine with intent to sell, the trial court sentenced the defendant to 59.925 months in prison, the lowest permissible prison sentence, although the maximum sentence for possession of cocaine with intent to sell, a second degree felony, is fifteen years in prison. We concluded that the record did not conclusively show that the same sentence would have been imposed under a correctly calculated scoresheet. The panel noted that the trial court had imposed the lowest permissible sentence calculated under the Criminal Punishment Code and that it was “not inclined to sentence Graham to the statutory maximum, and as a result, we cannot conclude that the trial court would have imposed the same sentence using a corrected scoresheet.” Id. at 1264. Graham should not be interpreted as holding that whenever a maximum sentence is im *891 posed after an erroneous scoresheet is filed, this establishes that the sentencing court would have imposed the same sentence with a corrected scoresheet.
Here, the trial judge ruled that the sentencing judge’s decision to order President’s life sentence to run consecutively to any other sentences he was then serving, and the fact that the sentencing judge made no mention or reference to the guidelines or the scoresheet at sentencing, provided further support for concluding that the sentencing judge would have imposed the same sentence even with a corrected scoresheet. However, the trial judge in this case did not attach any portions of the sentencing transcript to support his ruling, as they were not included in the state’s response attached to the judge’s order. However, even with those attachments, the record would not conclusively demonstrate that appellant would have received the same sentence using a corrected scoresheet.
Because we have already allowed the trial court an opportunity to attach portions of the record to refute appellant’s claim, we reverse and remand for either an evidentiary hearing or resentencing.

Reversed and Remanded with directions.

TAYLOR, HAZOURI and GERBER, JJ., concur.