PER CURIAM.
 

 We reverse the denial of Brandon Ko-varick’s motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 because the postconviction court erred when it denied the motion as untimely.
 

 The file-stamp by the clerk of the circuit court shows that on October 18, 2010, Kovarick, through counsel, filed the current motion raising three claims of relief. The postconviction court correctly noted that because Kovarick is represented by counsel, he is not entitled to the benefit of the mailbox rule and the file-stamp controls.
 
 See Davis v. State,
 
 56 So.3d 860, 861 (Fla. 1st DCA 2011);
 
 see also Joseph v. State,
 
 835 So.2d 1221, 1222 n. 2 (Fla. 5th DCA 2003). However, October 16, 2010 — two years after the judgment and sentence became final — fell on a Saturday. Therefore, the period for filing a timely postconviction motion was extended to October 18, 2010,
 
 *194
 
 and Kovarick’s motion was timely.
 
 See
 
 Fla. R.Crim. P. 3.040 (stating that the period for computation of time “shall run until the end of the next day that is neither a Saturday, Sunday, nor legal holiday”); Fla. R.App. P. 9.420(f) (same). The motion, however, fails to contain a properly executed oath and is facially insufficient.
 
 See
 
 Fla. R.Crim. P. 3.850(c), 3.987.
 

 Accordingly, we reverse and remand for the postconviction court to provide Kovar-ick thirty days from the date this opinion is filed to amend the motion by including a proper oath. If he fails to file a timely amendment, the postconviction court may enter a final order dismissing the motion. However, if Kovarick properly amends, the postconviction court shall consider the motion on the merits.
 

 Reversed and remanded.
 

 WHATLEY, NORTHCUTT, and CRENSHAW, JJ., Concur.