PER CURIAM.
We sua sponte redesignate this case as an appeal from ah order denying a rule 3.850 motion, reverse appellant’s sentence and remand for resentencing. After appellant was convicted by a jury in another case of attempted second degree murder, he entered into a plea agreement in this case and was sentenced to 10 years in prison to run concurrently with his sentence in the attempted murder case. At sentencing in this case, the attempted murder conviction was included in the scoresheet computation. Later, the conviction in the second degree murder case was reversed on appeal. See Sosnowsky v. State, 989 So.2d 686 (Fla. 4th DCA 2008). When that case was remanded to the circuit court, the state nolle prossed the charges. Because appellant was sentenced concurrently with the sentence in the reversed case, and because the record does not “conclusively demonstrate that appellant would have received the same sentence using a corrected scoresheet,” we reverse the order denying postconviction relief and remand for resentencing. President v. State, — So.3d —, 2011 WL 2462644 (Fla. 4th DCA 2011).
We have fully considered the other points raised on appeal and hold that appellant is not entitled to withdraw his guilty plea in this case.
POLEN, GROSS and CONNER, JJ., concur.