PER CURIAM.
Thomas Butdorf appeals the postconviction court’s order summarily denying his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We affirm the denial of ground one without comment but reverse the postconviction court’s denial of ground two and remand for the postconviction court to consider that claim on its merits.
Mr. Butdorf pleaded no contest to manslaughter by culpable negligence on September 23, 1996, and the trial court sentenced him to fifteen years’ probation. On September 17, 2009, the trial court found that Mr. Butdorf violated his probation by committing arson in Ohio and sentenced him to ten years’ prison with credit for time served. This court affirmed without written opinion. Butdorf v. State, 49 So.3d 753 (Fla. 2d DC A 2010) (unpublished table decision).
Mr. Butdorf filed a timely rule 3.850 motion, alleging in ground two that his sentence was based on incorrect score-sheet calculations. First, Mr. Butdorf alleged that the trial court found only one violation of probation and it was not a felony conviction, so the scoresheet should have assessed only six points, and not twelve points, for a community sanction violation under section 921.0014(1), Florida Statutes (1993). He further contended that a lesser sentence would have been imposed if the scoresheet were accurate.
The postconviction court interpreted this claim as one of ineffective assistance of counsel and denied the claim as insufficiently pleaded. However, Mr. Butdorf sufficiently pleaded a claim of scoresheet error apparent from the face of the record, and such a claim is cognizable in a motion filed under rule 3.850. The postconviction court should have determined whether the record conclusively refutes Mr. Butdorfs *851 claim of error and, if not, whether the record conclusively shows that the same sentence would have been imposed with a correct scoresheet. See State v. Anderson, 905 So.2d 111, 118 (Fla.2005) (“Because it is essential for the trial court to have the benefit of a properly calculated scoresheet when deciding upon a sentence, we agree that the would-have-been-imposed standard should apply to motions filed under rule 3.850 to correct scoresheet error”).
Mr. Butdorf also alleged that the scoresheet erroneously assessed six points for two prior felony convictions that he disputes. This is a scoresheet error that is not apparent on the face of the record, but it can be raised in a motion filed under rule 3.850 if pleaded as a claim of ineffective assistance of trial counsel. See Lo-mont v. State, 506 So.2d 1141, 1142 (Fla. 2d DCA 1987) (holding that a challenge to the assessment of points for felony convictions is not a claim of scoresheet error that can be resolved on the face of the record and is cognizable in a rule 3.850 motion only if raised as a claim of ineffective assistance in failing to object to such an error); see also Soto v. State, 814 So.2d 533, 533 (Fla. 2d DCA 2002) (holding that a scoresheet error that cannot be determined “from the face of the record” may be raised as a claim of ineffective assistance of trial counsel pursuant to rule 3.850). Mr. Butdorf alleged that trial counsel' erroneously told the trial court that the scoresheet was accurate without reviewing it with him and that but for the erroneous assessments, a lesser sentence would have been imposed. Mr. Butdorf pleaded facts that, if true, could constitute both deficient performance and prejudice. The postconviction court erred in denying this claim of ineffective assistance of counsel as insufficiently pleaded.
Accordingly, we reverse the portion of the postconviction court’s order summarily denying ground two, of Mr. Butdorf s rule 3.850 motion and remand with directions for the postconviction court to address the merits of that claim.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT, CRENSHAW, and BLACK, JJ., Concur.