DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TONNY PRESIDENT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-1044

[July 6, 2016]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. 01-18316CF10(A).

Tonny President, Blountstown, pro se.

No appearance required for appellee.

PER CURIAM.

Tonny President appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We affirm, holding that President failed to demonstrate prejudice.

In 2002, President was convicted of robbery with a firearm and sentenced to life in prison with a ten-year minimum mandatory sentence. We affirmed that conviction and sentence on direct appeal. *President v. State*, 881 So. 2d 1124 (Fla. 4th DCA 2004) (unpublished table decision). President later filed a rule 3.850 motion for postconviction relief based on a scoresheet error, and we reversed the denial of that motion and remanded for an evidentiary hearing or resentencing. *See President v. State*, 981 So. 2d 673 (Fla. 4th DCA 2008); *President v. State*, 82 So. 3d 889 (Fla. 4th DCA 2011). In January 2012, President was resentenced with a corrected scoresheet to twenty years in prison with a ten-year minimum mandatory sentence.

After resentencing, President filed another rule 3.850 motion, alleging that resentencing counsel was ineffective. In response, the State argued that the motion was procedurally barred as successive to President's

previous rule 3.850 motion. The trial court summarily denied the motion, adopting the State's response. President appeals.

We conclude that the trial court erred in finding that President's motion was impermissibly successive. President clearly could not have included his current claims in his prior motion, because that motion was filed before resentencing. *See* Fla. R. Crim. P. 3.850(h)(2).

We affirm, however, because we hold that President failed to demonstrate prejudice. While President alleged that counsel was ineffective for convincing him to testify at resentencing, for advising him to lie about having prior convictions other than those listed on the scoresheet, and for failing to present certain issues for mitigation, he failed to demonstrate a reasonable probability, beyond mere speculation, that he would have received a lesser sentence but for counsel's alleged errors. *See, e.g., Derrick v. State*, 983 So. 2d 443, 462 (Fla. 2008) ("[I]t is difficult to speculate whether the result of the resentencing would have differed if counsel had presented evidence of Derrick's upbringing or mental health mitigation. However, in order to sufficiently undermine this Court's confidence in the outcome of the resentencing, Derrick must rely on more than mere speculation.").

*Affirmed.*

DAMOORGIAN, LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***