PER-CURIAM.
Tonny President appeals the summary denial of his amended rule 3.800(a) motion to correct illegal sentence. ' Several of President’s claims arise from his contention that he was adjudicated guilty of a lesser-offense upon resentencing. We find these claims to be without merit and affirm. We affirm the denial of President’s other claims without comment.
In 2002, President was convicted of robbery with á firearm and sentenced to life in prison with a ten-year minimum mandatory sentence. We affirmed that conviction and sentence on direct appeal. See President v. State, 881 So.2d 1124 (Fla. 4th DCA 2004), President later filed a rule 3)850 motion for postconviction relief based on a scorésheet error, and we reversed the denial of that motion and remanded for an evidentiary hearing or resentencing. See President v. State, 981 So.2d 673 (Fla. 4th DCA 2008); President v. State, 82 So.3d 889 (Fla. 4th DCA 2011). In January *534 2012, President was resentenced with a corrected seoresheet to twenty years in prison with a ten-year minimum mandatory sentence.
In this amended rule 3.800(a) motion, President claimed that, upon resentencing, he was adjudicated guilty of solicitation to commit armed robbery instead of robbery with a firearm. As a result, he argued that his corrected seoresheet reflects the wrong primary offense, that his sentence exceeds the statutory maximum,[1] and that he does not qualify for a minimum mandatory sentence under the 10-20-life statute.[2] In response, the State argued primarily that the motion was procedurally barred as successive to President’s prior rule 3.800(a) motions. The trial court summarily denied the motion, adopting the State’s response. President appeals.
We conclude that the trial court erred in denying President’s motion as successive, as none of his current claims were raised in a prior motion. See Fla. R. Crim. P. 3.800(a)(2); State v. McBride, 848 So.2d 287, 290 (Fla.2003).
We affirm, however, because we find that President’s claims are meritless. To support his claim that his offense was reduced upon resentencing, President relies upon the clerk’s pre-printed court disposition sheet, which mistakenly identifies his offense as solicitation to commit armed robbery. However, we note that the trial court, in the commitment paperwork filed upon resentencing, included the original judgment, which lists the offense as robbery with a firearm. There is no indication in the record, aside from the clearly erroneous disposition sheet, that the re-sentencing judge adjudicated President guilty of a lesser offense, nor that she had any authority to do so. See Fla. R. Crim. P. 3.800(a) (requiring that the court records demonstrate on their face an entitlement to relief).

Affirmed.

WARNER, GROSS and KLINGENSMITH, JJ., concur.

. Solicitation to commit armed robbery is a second degree felony punishable by up to fifteen years in prison. §§ 777.04(4)(c), 775.082(3)(c), Fla. Stat. (2001).

. See § 775.087(2)(a)(1), Fla. Stat. (2001).