NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSE NEGRON GIL DE RUBIO,    )
DOC #C01056,    )
    )
    Appellant,    )
    )
v.    )    Case No. 2D18-2253
    )
STATE OF FLORIDA,    )
    )
    Appellee.    )
_____)

Opinion filed May 10, 2019.

Appeal from the Circuit Court for
Hillsborough County;
Barbara Twine Thomas, Judge.

Michelle Walsh, Law Offices of Walsh,
P. A., Miami, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Cynthia Richards,
Assistant Attorney General, Tampa, for
Appellee.


BADALAMENTI, Judge.

Jose Negron Gil de Rubio challenges the postconviction court's denial of

his "motion for habeas corpus," which the court treated as a motion filed pursuant to

Florida Rule of Criminal Procedure 3.800(a).  We reverse.

## Procedural History

Negron was convicted by jury of one count each of racketeering, conspiracy to commit racketeering, conspiracy to traffic in cocaine, and money laundering. The trial court sentenced him to concurrent thirty-year prison terms on the first three counts and to a concurrent fifteen years on the last count. On direct appeal, this court vacated the conviction and sentence for conspiracy to commit racketeering, Negron Gil de Rubio v. State, 987 So. 2d 217, 219 (Fla. 2d DCA 2008), and the trial court entered an amended judgment and sentence. Then, as a result of an earlier postconviction proceeding, the trial court vacated the conviction for conspiracy to traffic in cocaine and set a new trial on that charge.[1]

At a pretrial conference on October 15, 2013, the State announced a nolle prosequi of the conspiracy to traffic in cocaine charge. This left Negron to serve out the concurrent thirty- and fifteen-year sentences on the two remaining convictions for racketeering and money laundering. Of significance here, the trial court did not enter a new judgment and sentence indicating the remaining convictions and sentences for racketeering and money laundering.

Turning to the case before us, Negron filed a "motion for habeas corpus." He pointed out that no new scoresheet had been prepared for the October 15, 2013, pretrial conference. He contends that had a new scoresheet been prepared without the convictions for conspiracy to commit racketeering and conspiracy to traffic in cocaine, the scoresheet sentence would be reduced from 233.25 months (19.4 years) to 79.5

---

[1]Negron appealed other issues in the resulting postconviction order, which this court affirmed without opinion. See Gil de Rubio v. State, 118 So. 3d 228 (Fla. 2d DCA 2013). The mandate for that appeal issued on August 13, 2013.

months (6.6 years). He requested a resentencing based on a corrected scoresheet, which was denied by the postconviction court.

In the final order on appeal, the postconviction court ruled that because Negron's motion did not satisfy the two-year deadline of Florida Rule of Criminal Procedure 3.850(b), the court was required to treat the motion as if filed pursuant to rule 3.800(a). Because the thirty-year sentence "could have been imposed" under a corrected scoresheet, the court denied the motion.

## Discussion

A claim of scoresheet error apparent from the face of the record is cognizable under rule 3.850. Butdorf v. State, 150 So. 3d 849, 850 (Fla. 2d DCA 2014). Additionally, rule 3.800(a) is available to correct scoresheet errors apparent from the face of the record. Fla. R. Crim. P. 3.800(a)(1) ("A court may at any time correct . . . an incorrect calculation made by it in a sentencing scoresheet[] when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief."). However, the determination of whether a defendant should be resentenced pursuant to such a claim is subject to a harmless error analysis, and the test is different depending on the rule under which the defendant files his postconviction motion.

A claim made under rule 3.850 must be filed within two years after the judgment and sentence become final, Fla. R. Crim. P. 3.850(b), absent a listed exception, none of which apply here. If the defendant timely files his motion under rule 3.850, the "would have been imposed" standard is used. That is, resentencing is required "unless the record conclusively shows that the same sentence would have

- 3 -

been imposed using a correct scoresheet." State v. Anderson, 905 So. 2d 111, 112 (Fla. 2005).

In contrast, a motion filed under rule 3.800(a) may be filed "at any time." Fla. R. Crim. P. 3.800(a)(1). But if this rule is the basis of the motion, a stricter "could have been imposed" standard is applied. That is, if the existing sentence could have been imposed under a correct scoresheet, any error is harmless, such that no resentencing is required. Brooks v. State, 969 So. 2d 238, 243 (Fla. 2007).

Here, Negron filed a "motion for habeas corpus," requiring the postconviction court to decide between rule 3.850 and rule 3.800(a) as the appropriate vehicle for ruling on the motion. For the court to consider the motion under the less stringent "would have been imposed" standard applied to rule 3.850 motions, the court would have to find that the motion was filed timely under rule 3.850(b). Accordingly, we must determine whether this record contains a date from which the postconviction court can assess the timeliness of Negron's motion. The starting point should be the date the operative judgment and sentence became final. See Fla. R. Crim. P. 3.850(b).

The postconviction court chose two alternative dates to analyze the timeliness of Negron's motion pursuant to rule 3.850. As we will explain, neither date is correct. First, the court counted the two-year period starting from the date the mandate issued in Negron's earlier postconviction proceeding: August 13, 2013. We conclude that the date the mandate issued cannot be the starting point because the trial court did not render an amended judgment and sentence following that postconviction proceeding. See Fla. R. App. P. 9.020(h) ("An order is rendered when a signed, written order is filed with the clerk of the lower tribunal."). This left Negron without an

- 4 -

appealable order.  See Fla. R. App. P. 9.110(b) ("Jurisdiction of the court under this rule shall be invoked by filing a notice . . . within 30 days of rendition of the order to be reviewed . . . .").

Alternatively, the postconviction court ran the two-year period from the State's oral announcement of the nolle prosequi on October 15, 2013, ruling that "the Defendant's judgment and sentence became final thirty (30) days following the State orally conceding a nolle prosse" on the charge of conspiracy to traffic in cocaine.  The State endorses this approach.  However, neither the court nor the State reference any legal authority for the proposition that an oral announcement of a nolle prosequi constitutes a judgment and sentence.

Although a written judgment must be filed following conviction by trial or plea, Fla. R. Crim. P. 3.670 ("If the defendant is found guilty, a judgment of guilty . . . shall be rendered in open court and in writing, signed by the judge, filed, and recorded."), and upon revocation of community control if no written judgment had been entered earlier, Jackson v. State, 56 So. 3d 65, 67 (Fla. 2d DCA 2011) (Altenbernd, J., concurring) (citing § 948.06(2)(e), Fla. Stat. (2010)), no specific authority requires the entry of a written judgment when a conviction is vacated as the result of a successful postconviction motion.

We conclude that for purposes of setting the two-year starting date for motions filed pursuant to rule 3.850, a trial court must enter a written amended judgment and sentence where the court's ruling on a postconviction motion results in the final vacation of a conviction and sentence.  Cf. Stombaugh v. State, 704 So. 2d 723, 726 (Fla. 5th DCA 1998) ("Another scrivener-type error which must be corrected is

- 5 -

the failure of the trial court to enter a written sentence in case number 93–3062, after orally pronouncing a sentence of time served."); Rogers v. State, 25 So. 3d 636, 637 (Fla. 1st DCA 2009) ("Where a court of this state grants relief to a defendant which ultimately results in an amended judgment being entered, as to any new issues raised by entry of the amended judgment, the time period for filing a rule 3.850 motion begins to run at the time of the amended judgment.").[2]  But the trial court did not enter an amended written judgment and sentence here.  Without the filing of an amended written judgment and sentence, Negron's two-year time period to file a timely motion under rule 3.850 has yet to start.

Because the postconviction court erred in calculating the two-year deadline under Rule 3.850(b), we reverse.[3]

Affirmed in part; reversed in part.


NORTHCUTT and KHOUZAM, JJ., Concur.

---

[2]We acknowledge that not all successful postconviction proceedings involving a potential resentencing will result in the resetting of the rule 3.850(b) two-year clock.  Compare Rogers, 25 So. 3d at 637, with Joseph v. State, 835 So. 2d 1221, 1222 n.3 (Fla. 5th DCA 2003) ("The two-year limitation is not tolled by other collateral proceedings filed in the trial court, even if a corrected sentence is entered.  An illegal sentence may be corrected at any time, and it would make no sense to allow a judgment to be attacked many years after the expiration of the two-year deadline simply because a sentence was corrected pursuant to a rule 3.800(a) motion.").  We conclude that the present case is more like Rogers.  See 25 So. 3d at 637 n.1.

[3]The procedural posture of this appeal prevents us from addressing the impact of the October 15, 2013, pretrial conference, where the State announced a nolle prosequi of the conspiracy to traffic in cocaine charge, and the trial court neglected to enter a new judgment and sentence reflecting such.  Based on the unique circumstances presented here, we note that should Negron move the trial court to enter an amended judgment and sentence based on the results of the October 15, 2013, pretrial conference in a timely motion similar to that of his "motion for habeas corpus," the trial court shall not consider that motion to be successive.